## McKENZIE & SON *vs.* LAMPLEY.

[TRIAL OF RIGHT OF PROPERTY IN COTTON.]

1. *Lien of execution on growing crop.*—By the common law, which is now unaffected by statutory provisions in this State, (Code, § 2461; Session Acts 1853–54, p. 69,) an execution is a lien on a growing crop from the time of its delivery to the sheriff.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. S. D. HALE.

THIS was a trial of the right of property in ·a lot of cotton, between I. & J. M. Lampley, plaintiffs in execution against Thomas Sheppard, and the appellants as claimants. The plaintiffs' execution was placed in the hands of the sheriff on the 14th August, 1855, and was levied by him, in October of the same year, "on certain cotton then gathered and in the claimants' gin-house, which was grown by said Sheppard during the year 1855." The claimants derived title under a mortgage from said Sheppard, dated in September, 1855, "which was executed while said cotton was growing and ungathered;" the execution, *bona fides*, and due registration of which mortgage were admitted. The court charged the jury, "that the lien of plaintiffs' execution was superior to that of the claimants' mortgage, and that they must find for the plaintiffs if they believed the evidence." This charge, to which the claimants excepted, is the only matter assigned as error.

MARTIN, BALDWIN & SAYRE, for appellants.

PUGH & BULLOCK, *contra*.

RICE, C. J.—Whether the execution received by the sheriff on the 14th August, 1855, was, from the time he received it, a lien on the growing cotton of the debtor within the county, depends upon the question, whether at that time growing cotton was subject to levy and sale under a *fieri facias*.—Code, § 2456.

In 1821 an act was passed, which declared, that it should not be lawful for any sheriff, or other officer, to levy a writ of *fieri facias*, or other execution, on the planted crop of a debtor, or person against whom an execution might issue, until the crop was gathered.—Clay's Digest, 210, § 46. Our predecessors held, that under that act the lien of a *fieri facias* did not attach, as to a planted crop, until it was gathered.—Adams v. Tanner, 5 Ala. R. 740; Evans v. Lamar, 21 Ala. R. 333. The Code (by section 10) repealed the act of 1821; and, by section 2461, provided that a levy might be made upon a growing crop, when there was no other property of the defendant known to

the sheriff; but that no sale must be made thereof, until the crop was gathered. Section 2461 of the Code was repealed by the act of 7th February, 1854.—Pamphlet Acts of 1853-4, p. 69. Between the 7th February, 1854, and the day on which the *fieri facias* relied on here by the plaintiff was received by the sheriff, there was no statutory provision of force, protecting growing crops from levy and sale under *fieri facias*. We are, then, compelled to decide the question now under consideration by the common law.

By that law, the distinction was between those things which go to the executor, and those which go to the heir. The former might be seized and sold under a *fieri facias;* the latter could not. A growing crop of corn or cotton, or any vegetable, which is produced, not spontaneously by the earth, but by annual planting and the labor and expense of the occupier of land, goes to the executor, and not to the heir of tenant in fee-simple. It is considered an independent chattel, not going as the land, but in a different direction; and "such a growing crop may, under the common law, be seized under a *fieri facias*, issued against the owner of the inheritance, as his goods and chattels, even while they are annexed to the freehold." Evans v. Roberts, 5 Barn. & Cress. 829; 2 Tidd's Practice, (edition of 1856, by Fish,) 1001, 1002; Smith v. Tritt, 1 Dev. & Batt. 241, and the English authorities there cited; Shannon v. Jones, 12 Iredell, 206; Parham v. Thompson, 2 J. J. Marsh. 159; Craddock v. Riddlesbarger, 2 Dana, 205; Bank of Lansingburg v. Cary, 1 Barb. Sup. Ct. R. 542; Whipple v. Foot, 2 Johns. R. 418; Partwell v. Bissell, 17 *ib*. 128; Penhallow v. Dwight, 7 Mass. 34.

We regret the necessity imposed upon us of deciding the question as we are bound to decide it. But the legislature destroyed the protection to growing crops, which existed in this State for many years, by statute; and thus threw us back upon the common law, for the rule of decision in this case. The common law is clearly against the protection claimed for the growing crop of cotton. However unwise or hard we may think the law to be, we must carry it out. If we had the power to protect the growing

crop against the levy and sale under execution, we would protect it. But we have no such power; and we are constrained to hold, that the delivery of the *fieri facias* to the sheriff gave to the plaintiff a lien upon the growing crop of cotton, and that there is no error in the charge of the court below.

· Judgment affirmed.