## In re CARMICHAEL.

[INQUISITION OF LUNACY.]

1. *To what witness may testify.*—A witness can not be asked, on the trial of an inquisition of lunacy, "whether, in his opinion, the defendant was capable of taking care of himself and managing his affairs.

APPEAL from the Probate Court of Talladega.

IN the matter of John Carmichael, on the petition of Daniel Carmichael, his brother, to have him declared *non compos mentis.* "On the trial before the jury," as the bill of exceptions states, "the petitioner introduced a witness who testified, that he had known the defendant for fourteen or fifteen years, and had known him well for five or six years last past; that he had not seen him for five or six years prior to 1852, the defendant having been absent from the State; that he had lived within a mile of the defendant, from 1852 until about two years ago, when he (witness) removed about fourteen miles from him; that he was never in the defendant's house, nor had the de-

In re Carmichael.

fendant ever lived with him, or stayed all night with him; that he only knew the defendant as he knew other neighbors, but was not intimately acquainted with him, and had never transacted any business with him; and that he had observed the appearance of the defendant, and the expression of his face and eyes. On this state of proof as to the witness' knowledge and acquaintance with the defendant," the court permitted the petitioner to ask said witness, against the defendant's objections, the following questions: "Whether or not he was well enough acquainted with the defendant to have an opinion as to his soundness or unsoundness of mind;" "what his opinion was, as to the soundness or unsoundness of the defendant's mind;" and "whether, in his opinion, the defendant was capable of taking care of himself and managing his affairs." The answer of the witness to the last question was, "In my opinion, he is incompetent to take care of himself and manage his affairs." The allowance of these questions, to each of which, with the answers thereto, the defendant reserved an exception, is now assigned as error.

JAS. B. MARTIN, with GEO. S. WALDEN, for appellant.

L. E. PARSONS, and JNO. WHITE, *contra*.

STONE, J.—The witness should not have been allowed to testify that, in his opinion, John E. Carmichael was incompetent to manage his affairs and take care of himself. Walker v. Walker, 34 Ala. 469; Hall v. Goodson, 32 Ala. 277; Stubbs v. Houston, 33 Ala. 555.

Reversed and remanded.