Fountain v. Brown.

## FOUNTAIN vs. BROWN.

[CONTESTED PROBATE OF WILL.]

1. *Relevancy of evidence to show incapacity of testator, fraud, or undue influence.*—Where the probate of a will is contested, on the grounds of fraud, undue influence; and mental incapacity on the part of the testator, it is permissible to inquire whether the provisions of the will are just and reasonable, and consonant with the state of the testator's family relations; and proof of the value of his estate, and of the pecuniary circumstances of those relatives who, in case of intestacy, would be his heirs-at-law and distributees, is admissible evidence as bearing on this question.

2. *Same.*—In such case, it is competent for the contestants to prove that the testator was '*diseased*' before the execution of the supposed will.

3. *To what witness may testify.*—A witness may, although not an expert, testify to the fact that a person was '*diseased.*'

4. *General objection to evidence.*—A general objection to an entire question, a part of which calls for legal evidence, may be overruled entirely.

5. *Relevancy of evidence to show incapacity of testator.*—The fact that the testator had conveyed to third persons, before the execution of the supposed will, some of the property disposed of by it, is competent evidence for the contestants, as tending to show the failure of his memory.

6. *Opinion of witness on question of sanity.*—A witness who was long and intimately acquainted with the testator, may state his opinion on the question of sanity or insanity, in connection with the facts on which it is based.

APPEAL from the Probate Court of Monroe.

IN the matter of the probate of a paper, which was; propounded for probate as the last will and testament of Elias Brown, deceased, by Hugh T. Fountain, the executor therein named; and the probate of which was contested by several of the testator's children and grand-children, on the grounds of fraud, undue influence, and mental incapacity on the part of the testator. On the trial before the jury, as appears from the bill of exceptions, the court. allowed the contestants, against the objections of the pro-- ponent, to ask a witness the following questions: "What is the pecuniary condition of the children of Mahala Net- tles?" "What is the pecuniary condition of the children of Jane Dunn?" Mahala Nettles and Jane Dunn were. daughters of said testator, and were both dead at the date of the paper propounded for probate.. The proponent re-- served exceptions to the allowance of these questions. The court also allowed the contestants, "for the purpose of shewing the unnatural character of said will," to read in evidence the appraisement and inventory of the testator's. estate, and to show the value of the land devised by the will to one Moses Matthias; and, "for the purpose of show- ing that said testator had devised by said will land which. did not belong to him at the time," to read in evidence a. deed, by which a tract of land was conveyed by one McCall to said testator, and on which was endorsed a, transfer and assignment by the latter to one Andress,—the assignment being dated about two years before the date of the will; to all which rulings of the court exceptions.

were reserved by the proponent. The contestants asked one Bohannon, a witness, the following question: "Was said testator diseased before or after the execution of said will?" The court allowed the question to be asked and answered, against the proponent's objections, and he excepted.

The proponent introduced one McClammey as a witness, "who testified, in answer to questions asked him, that he had known said testator for thirty or forty years, was well and intimately acquainted with him, had travelled thousands of miles with him, had seen him transact business, had heard him preach for many years, had frequently stopped at his house all night, and had conversed with him in relation to his family affairs, and in relation to making his will; that the last time he conversed with him on that subject was in 1858, and the last time he had heard him preach was in 1860." On these facts, the proponent proposed to ask said witness, "whether or not, in his opinion, said testator was a man of sound mind on the 21st March, 1857," the date of said will. The court would not allow the question to be asked, and the proponent excepted.

All the rulings of the court to which exceptions were reserved by the proponent, are now assigned as error.

S. J. CUMMING, for appellant.
J. W. POSEY, contra.

R. W. WALKER, J.—If the testator is of sound mind, he may dispose of his property as he pleases; and the will will not be avoided because the disposition is unnatural and unequitable.—*Mosser v. Mosser*, 32 Ala. 566. But, while this is true, the law is well settled, that where a will is contested, upon the ground of undue influence or incapacity, it is permissible to inquire whether the provisions of the will are just and reasonable, and consonant with the state of the testator's family relations. If they are, that is a circumstance conducing in some degree to establish the capacity of the testator, and the absence of fraud or undue

influence in the execution of the will; while, on the other hand, the fact that the will makes an unnatural and inequitable distribution of the property, is a circumstance tending in the opposite direction, and is proper to be weighed by the jury in pronouncing on the issue *devisavit vel non.*—*Stubbs v. Houston,* 33 Ala. 563; *Hughes v. Hughes,* 31 Ala. 526; *Allen v. Prater,* 35 Ala. 174. The pecuniary condition of the testator's grand-children, who would have been distributees of his estate in case of intestacy, the value of the property devised to Matthias, and the inventory and appraisement showing the extent and value of the testator's estate, all reflected light upon the character of the will, and were properly allowed to go in evidence to the jury.

[2–4.] It was competent for the contestants to show that the testator was 'diseased' before the execution of the will; and our previous decisions settle the law to be, that a witness who is not an expert, may testify to the fact that a person was 'diseased.'—*Blackman v. Johnson,* 35 Ala. 252; *Barker v. Coleman,* 35 Ala. 221. It is clear, therefore, that a part, at least, of the question to the witness Bohannon, was legal; and the rule is, that a general objection to an entire question, a part of which calls for legal evidence, may be overruled entirely.—*Sayre v. Durwood,* 35 Ala. 247.

[5.] The fact, that before the will was made, the testator had conveyed to third persons some of the property disposed of in the will, was competent evidence for the contestants, as it tended to show the failure of the testator's memory, and thus bore on the question of his intellectual condition and capacity.—*Stubbs v. Houston,* 33 Ala. 559; *Walker v. Walker,* 34 Ala. 473.

[6.] We must hold, however, under the influence of the previous decisions of this court, that the court erred, in refusing to permit the witness McClammey to state his opinion, in connection with the facts testified to by him, as to the sanity of the testator.—*Stubbs v. Houston,* 33 Ala. 559, 564; *Carmichael v. Carmichael,* 36 Ala. 616, and authorities cited.

As the other questions presented by the record may not, arise in their present form on another trial, we will not consider them.

For the error pointed out, the decree must be reversed,. and the cause remanded.