*Stephen A. Cooke, Jun. & Robert W. Burbank*, for appellee.

---

MARY ANN BEATTIE *et al.*, Appellants, *vs.* SAMUEL THOMASON *et als.*, Appellees.

When a will is contested on account of the testator's mental weakness and of undue influence exerted over him, evidence tending to show that the will is unreasonable or unjust as compared with a prior will in favor of the contestants is relevant and admissible.

Hence, when a will was made in favor of the testator's wife and her daughters by a former

husband, and a subsequent will gave all the testator's estate to his sister, and this later
will was contested by the wife and her daughters, who alleged that at the time it was
made the testator was incapable in mind and under undue influence:

*Held,* that evidence was admissible to show that the realty devised by the last will was in
part acquired by the moneys of the wife and daughters.

When, from the contradictory evidence given, different minds might fairly draw different
conclusions, a new trial will not be granted because the verdict rendered is against the
evidence.

APPEAL from the Probate Court of the city of Providence.
On the appellee's petition for a new trial.

*October* 29, 1887. DURFEE, C. J. This is an appeal from a
decree of the Municipal Court of the city of Providence admitting
to probate the will of Joseph Knight, who died August 30, 1886.
The will, dated July 9, 1886, gives to his sister, with whom until
shortly before his death he had been on bad terms for years, his
real estate and two thirds of his personal, the remainder being
given to his brother. He made a will July 24, 1884, by which
he gave his entire property to his wife, who died June 28, 1886,
leaving two daughters by a former husband, who are the appel-
lants. At the last term of this court the case was tried to a jury,
who returned a verdict against the will. It is before us now on
petition for a new trial for alleged erroneous rulings, and on the
ground that the verdict was against the evidence and the weight
thereof.

The only ruling now complained of is a ruling by which the
appellants were allowed to introduce certain testimony going to
show that the real estate devised by the will in contest to the
testator's sister was in part acquired by Mary Knight, the wife,
and her daughters, though it stood in the name of the testator.
The contention is that the testimony was irrelevant, but at the
same time prejudicial, since it was likely to appeal to the sym-
pathies of the jury and lead them to suppose that this was a
proper proceeding in which to establish the equitable claim of the
step-daughters. We think the testimony was properly admitted.
The will was contested on the grounds, *first,* that the testator,
through mental weakness and disorder, was incapable of making
it ; and, *second,* that it was the offspring of undue influence, and
any evidence tending to show that it is unreasonable or unjust, as
compared with the prior will under which the appellants claim,
was relevant to both issues. " Where a will is impeached for im-

becility of mind in the testator, together with fraudulent practices by the devisees," says Gibson, C. J., in *Patterson* v. *Patterson*, 6 Serg. & R. 55, " the intrinsic evidence of the will itself, arising from the unreasonableness or injustice of its provisions, taking into view the state of the testator's property, family, and the claims of particular individuals, is competent and proper for the consideration of the jury." See, also, to the same effect *Fountain* v. *Brown*, 38 Ala. 72 ; *Kevill* v. *Kevill*, 2 Bush, Ky. 614 ; 1 Redfield on Wills, 521. Moreover, the testimony objected to was connected with other testimony going to show that the testator had years before the death of Mary Knight, when he was confessedly of sound mind, recognized her right to the real estate, and, on being asked to make it over to her, had promised to do so by will, the claim of the appellants being that the will of 1884 was made to carry out this promise.

We do not think that a new trial should be granted on the ground that the verdict was against the evidence or the weight thereof. The testimony in regard to the mental condition of the testator was very contradictory, and was in our opinion such that different minds, considering it, might fairly come to different conclusions. *Petition dismissed.*

*William H. Sweetland*, for appellants.

*George J. West & Daniel L. D. Granger*, for appellees.

