[Johnston v. Johnston, et al.]

# Johnston *v.* Johnston, *et al.*

### Will Contest.

(Decided Jan. 11, 1912.   57 South. 450.)

1. *Wills; Fraud and Undue Influence; Mental Capacity.*—One mentally incapable of making a will cannot be said to be subject to fraud and undue influence.

2. *Same; Contest; Scope.*—The inquiry must of necessity take the broadest range where one of the issues is the mental incapacity of the testator.

3. *Same; Burden of Proof.*—Sanity is presumed, and hence, one contesting the probate of the will on the grounds of mental incapacity has the burden of overcoming this presumption; however, upon showing that the testator was habitually insane before the will was executed, the burden shifts to the proponent to show that the will was executed during a lucid interval. Hence, it was improper to refuse an instruction that the burden is not shifted to the proponent except by proof of habitual insanity.

4. *Same.*—A charge asserting that the burden of proof of incapacity to make the will is on the contestant and remains with him until he satisfies the jury of the habitual or fixed insanity, or otherwise of testamentary incapacity, was erroneous as the use of the words "or otherwise" might be construed to refer to a condition of mind not the equivalent of habitual or fixed insanity.

5. *Same; Evidence; Sufficiency.*—The jury is authorized to find testamentary incapacity upon proof that reasonably satisfies them of the testator's incapacity.

6. *Appeal and Error; Harmless Error; Issues Submitted.*—Where the will was denied probate because of the testamentary incapacity of the testator, any error in submitting the issues of undue influence and fraud was harmless to the proponent, and need not be reviewed.

7. *Same; Review; Discretion.*—The qualification of a non expert witness is a question addressed to the trial court, and within its discretion, and will not be reviewed unless clearly erroneous.

8. *Trial; Reception of Evidence; General Objections.*—An objection that the evidence is illegal, is a general objection not raising the point that the question called for a conclusion of the witness.

9. *Same; Non Experts.*—Where witnesses had qualified to express an opinion that the testator's mind was sound or unsound, and had done so without objection, questions as to whether the testator, from their knowledge of him was mentally capable of making a will and transacting business propounded to such witnesses called for relevant evidence, and while involving a legal conclusion of the witness upon the premises his testimony had laid, were not subject to the objections that the question called for illegal evidence.

[Johnston v. Johnston, et al.]

10. *Evidence; Opinion; Qualification.*—The qualification of a non expert to testify as to the mental capacity of a person is a question addressed to the trial court, and when determined by the court to be qualified to express an opinion, a non expert witness should be examined fully and amply.

11. *Same; Sanity; Presumption.*—Every person is presumed to be sane, but such presumption is subject to rebuttal by competent evidence showing mental incapacity.

APPEAL from Bullock Probate Court.

Heard before Hon. A. E. SINGLETON.

Application by M. B. Johnston for probate of the will of Morgan P. Johnston, deceased, contested by M. W. Johnston and others. Decree refusing probate, and proponent appeals. Reversed and remanded.

The facts sufficiently appear in the opinion. The following charges were refused to the proponent: (A) "The burden of proof as to insanity or incapacity to make a will is on the contestants in the first instance, and that burden remains on the contestants until they show habitual and fixed insanity or otherwise of testamentary incapacity at the time the will was executed." (C) "Sanity is the normal condition of the human mind, and the testator in this case is presumed by law to have been sane when he made this will, unless the contestants have shown to the jury's satisfaction that he was under the disability of habitual or fixed insanity prior to the execution of the will, or that he was not capable of making the will at the time the will was made." (E) "The burden of proof as to testamentary capacity is on the contestants, and is not shifted, except by proof of habitual or fixed insanity on the part of the testator prior to the making of the will."

NORMAN & SON, E. R. BRANNEN, L. M. MOSELEY, and J. M. CHILTON, for appellant. Questions as to whether a testator was capable of transacting ordinary business called for a conclusion involving expert knowledge.—

*Torrey v. Burney,* 113 Ala. 496. Ability to transact business is not the standard by which the law gauges a person's capacity to execute a will.—*Burney v. Torrey, supra; Murphree v. Senn,* 107 Ala. 424; *Taylor v. Kelly,* 31 Ala. 59; *O'Donnell v. Rodiger,* 76 Ala. 227. The grounds of contest numbered D and E were subject to the demurrers interposed.—*Barksdale v. Davis,* 114 Ala. 628. Evidence which does not tend to establish any material fact is inadmissible, and can have no other effect than to mislead and confuse the jury.—*McGhee v. Billingsley,* 3 Ala. 679; *B. R. & E. Co. v. Clay,* 108 Ala. 234; *Crawford v. State,* 112 Ala. 17. The witnesses did not testify to that degree of intimacy or detail such facts and circumstances as to render them competent to give their opinion as to the mental capacity or incapacity of the testator at the time the will was made, or as to his general unsoundness of mind.—*Roberts v. Trawick,* 13 Ala. 68; *Knox v. Knox,* 95 Ala. 495; *Eastis v. Montgomery,* 95 Ala. 486; *Dominick v. Randolph,* 124 Ala. 562; *Parrish v. The State,* 139 Ala. 42; *B. R. L. & P. Co. v. Randall,* 149 Ala. 545. Mrs. Miller's testimony was clearly hearsay and in no sense a part of the res gestae.—*Coghill v. Kennedy,* 119 Ala. 664. Charges should be applicable to the evidence, and predicated upon the issues joined.—*B. Ry. Co. v. City Co.,* 119 Ala. 615. Undue influence in procuring one legacy does not invalidate the other legacies which are the result of the free will of the testator.—*Florey v. Florey,* 24 Ala. 241; *Henry v. Hall,* 106 Ala. 84; *Coghill v. Kennedy, supra.* On the question of mental incapacity the burden of proof is on the conestant until habitual or fixed insanity is shown.—*Stubbs v. Houston,* 33 Ala. 555; *O'Donnell v. Rodiger, supra; Burney v. Torrey, supra; Roberts v. Trawick, supra.* On these authorities, it is insisted that the court erred in the charges given. See

also *Johnson v. Armstrong,* 97 Ala. 331; *Murphree v. Sims, supra.*

R. E. L. COPE, ERNEST L. BLUE, RAY RUSHTON and WILLIAM M. WILLIAMS, for appellee. Having denied probate of the will on the ground of mental incapacity, the rulings of the court as to fraud and undue influence were harmless, and should not be reviewed on this appeal. The court, therefore, did not err in overruling the demurrers.—*Barksdale v. Davis,* 114 Ala. 625. The court was not in error in permitting non experts to testify as to the testamentary incapacity of the testator, as they had an opportunity to form a correct judgment of his mental capacity.—*Burney v. Torrey,* 100 Ala. 157; *Florey v. Florey,* 24 Ala. 241; 38 L. R. A. 731. This matter is addressed to the sound discretion of the trial court, and not subject to review unless abused.—*Parrish v. The State,* 139 Ala. 16, and authorities supra. One of the tests is to know and understand the business engaged in.—*Taylor v. Keely,* 31 Ala. 59. The condition of the testator's mind at different periods prior to the execution of the will is relevant.—*Florey v. Florey, supra; Moore v. Spear,* 80 Ala. 129. The court did not err in the charges given.—*Coghill v. Kennedy,* 119 Ala. 641; *McQueen v. Wilson,* 131 Ala. 606; *Florey v. Florey, supra.* In any event, contestant was entitled to the affirmative charge, and if there were errors they were without injury.—*Bancroft v. Otis,* 91 Ala. 291; *McQueen v. Wilson, supra.*

McCLELLAN, J.—Contest of the instrument propounded for probate as the last will and testament of Morgan P. Johnston, deceased.

The issues formed were, in substance, two: Want of mental capacity to make a will, and undue influence exerted upon the decedent in the execution thereof.

Following a general finding that the paper propounded was invalid, the verdict expressed the jury's particular finding that decedent was mentally incompetent to make a will on December 1, 1905.

Since one mentally incompetent to make a will cannot be the subject of fraud or undue influence in the execution thereof (*Burney v. Torrey,* 100 Ala. 157, 168, 14 South. 685, 46 Am. St. Rep. 33), that phase of the trial touching the issue of undue influence, by whomsoever exerted (if so), is eliminated from consideration on this appeal. Errors, if any, intervening in respect of that issue were without injury to appellant. We therefore confine the review to errors assigned as upon the rulings and action of the court in reference to the issue of mental capacity vel non to execute a will on December 1, 1905. Without attempting to restate the very voluminous evidence bearing upon the issue of mental capacity vel non, it will suffice to affirm, after careful consideration, that the decision upon this issue was for the jury.

The contestants propounded to each of a large number of nonexpert witnesses, who had shown an acquaintance with decedent covering many years, in substance, this question: Whether, from this acquaintance with and knowledge of decedent, he was mentally capable of making a will on December 1, 1905, and whether, from this acquaintance and knowledge of decedent, he was capable of transacting business on or about that date.

With the exception of a general objection, taking the point that the testimony sought was "illegal," addressed to the questions stated when propounded to the last few witnesses examined by contestants, the only objections made (otherwise) expressed the criticism, in substance, that the witnesses had not qualified to give

an *expert* opinion as thereby called for. Each of the witnesses replied in the negative.

Objections to proffered evidence are of two general classes, viz., those directed to the *means* of conveying evidence to the trier of fact, and those addressed to the evidence itself. Aside from the statement that the "question," or the testimony sought to be elicited thereby, was "illegal," the objections taken to the indicated matter related alone to the competency of the *means* whereby the proffered testimony was undertaken to be availed of. The criticism that testimony is "illegal" is a mere general objection.—*Coghill v. Kennedy,* 119 Ala. 641, 662, 24 South. 459; *Steiner v. Tranum,* 98 Ala. 319, 13 South. 365. And the rule with us is that, unless the testimony sought is *patently* inadmissible, the court will not be put in error for overruling a general objection.—*Richards v. Bestor,* 90 Ala. 352, 8 South. 30; *Espalla v. Richard,* 94 Ala. 159, 162, 10 South. 137. The objection that a question is illegal, or that it seeks to elicit illegal testimony, does not raise the point that the question calls for a *conclusion* of the witness.—*Steiner v. Tranum, supra; Torrey v. Burney,* 113 Ala. 496, 505, 21 South. 348. The testimony the questions sought was not patently inadmissible. It was relevant to the issue of mental capacity vel non to execute the instrument propounded for probate. It was the crux of the issue the jury, in that particular, was to determine. The vice of the questions was that they called for the legal *conclusion* of the witness, an infirmity not pointed out by the general objection of illegality.—*Steiner v. Tranum, supra.*

Whether a nonexpert witness is qualified to testify to the want of mental capacity of the subject of the inquiry is a question for the court.—*Parrish v. State,* 139 Ala. 16, 42, 36 South. 1012. It was said on Parrish's

appeal that the ruling of the trial court on this prelim-
inary matter would not "be revised, unless it clearly ap-
pears to have been erroneous." The qualifications of
the witnesses who affirmed that decedent was mentally
incompetent were ascertained by the court. We cannot
say there was error in this conclusion as to any one of
the witnesses who so testified. There was support for
such a finding in the testimony before the court, and so
within the doctrine of *Burney v. Torrey,* 100 Ala. 157,
14 South. 685, 46 Am. St. Rep. 33. Being hence quali-
fied to express their opinions that decedent's mind was
unsound, the further questions, before in substance
stated, involved but the legal conclusion of the witness
upon the premise his testimony had laid; and, if unob-
jected to on that ground, the court cannot be held to
have erred.—*Steiner v. Tranum, supra.* There was, in
consequence, no merit in the objections addressed to the
competency of the witnesses to express an opinion upon
the mental status of the decedent in either of the re-
spects to which the questions refer.

We find no prejudicial error in the rulings of the
court admitting or rejecting evidence bearing upon the
issue of mental capacity vel non. That issue must, of
necessity, evoke an inquiry of the broadest range.—
*Howard v. State,* 172 Ala. 402, 55 South. 255, 34 L. R.
A. (N. S.) 990. So, too, under the rules prevailing here
with respect to the right of a properly qualified non-ex-
pert to give his opinion that the subject of the inquiry
was of unsound mind, it is essential that his opportuni-
ty for the formation of such an opinion be fully discov-
ered by examination; and that its correctness be tested
by an ample inquiry upon cross-examination. The rela-
tive strength or previous soundness of the mind of one
whose mental status is being investigated at different
times is a subject of inquiry, and also of opinion, of a

[Johnston v. Johnston, et al.]

witness who possesses the requisite qualification to form, entertain, and express an opinion in the premises. —*Watson v. Anderson,* 11 Ala. 43. The matter found in the bill, having reference to an indebtedness, or to payments, by decedent to children of his former marriage, rendered entirely proper that testimony tending to show the source of that liability to have been the estate of the former wife and of the mother of the children mentioned.

The presumption, as is familiar, is that every person is sane. A contestant has the burden to overcome this presumption. If he shows that the subject of the inquiry was *habitually* insane before the paper was attempted to be executed, the burden then shifts to the proponent to show that the will was made during a lucid interval.—*Murphree v. Senn,* 107 Ala. 424, 18 South. 264; *Johnson v. Armstrong,* 97 Ala. 731, 12 South. 72; *O'Donnell v. Rodiger,* 76 Ala. 222, 52 Am. Rep. 322. If habitual, fixed insanity, prior to the act in question, is not shown by the contestant, the burden does not pass to the proponent. Charge A would have correctly invoked this rule but for the employment therein of the words "or otherwise." That phrase might, and doubtless did, have reference to a condition of mind not equivalent to *habitual,* fixed insanity. It was hence well refused.

Charge C, in one alternative, exacted, as a condition to the shifting of the burden of proof, according to the doctrine just stated, that the contesants show to the jury's *satisfaction* that Johnston was, prior to the execution of the paper propounded, under the disability of habitual, fixed insanity. The degree of proof required by the instruction was too great. Reasonable satisfaction is the degree the law requires.—*Moore v. Heineke,* 119 Ala. 62, 24 South. 374; *Coghill v. Kennedy,* 119 Ala.

641, 666, 667, 24 South. 459. This charge was correctly refused.

According to the doctrine of *Murphree v. Senn, Johnson v. Armstrong,* and *O'Donnell v. Rodiger, supra,* the court erred in refusing charge E (assignment 50).

For the error just stated, the judgment is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur, save DOWDELL, C. J., not sitting.