The appellant, Mary Elizabeth DeLoach Fletcher, is the proponent of Ada B. Padgett's last will and testament, which was executed on April 15, 1970. After the testatrix died on October 31, 1975, Mrs. Fletcher filed the above mentioned instrument for probate on November 19, 1975. The appellees, a son and granddaughter of the testatrix, contested the probate of said will on April 1, 1976, and moved that the contest of the will be transferred to circuit court for a trial by jury. See sections 43-1-70, 43-1-78, Code of Alabama 1975. The probate judge ordered the transfer of the cause to circuit court for trial by jury on April 2, 1976.
The trial was held on July 18 and 19, 1977. The trial judge, after hearing the evidence, ruled that the will had been properly executed and that there was no evidence of undue influence or fraud in the case. Therefore, the only issue submitted to the jury was whether the testatrix possessed testamentary capacity at the time she executed the will of April 15, 1970. The jury found for the appellees (contestants) on the issue of testamentary capacity, and the trial judge ordered that Mrs. Fletcher was not entitled to have the will probated.
Mrs. Fletcher filed a motion for new trial on August 2, 1977, alleging that the testimony and the evidence failed to support the jury's verdict. The trial judge denied this motion on August 17, 1977. Mrs. Fletcher appeals from the denial of her motion for a new trial and from the jury verdict on a similar ground — whether the contestants satisfied their burden to prove the testatrix's lack of testamentary capacity. We hold that there was evidence before the jury which would tend to show that the testatrix lacked testamentary capacity at the time she executed the will of April 15, 1970, and we therefore refuse to overturn the verdict of the jury where it has not been shown to be clearly wrong and unjust. *Page 318 
The testatrix must have testamentary capacity in order to execute a valid will; i.e., she must have
 "mind and memory sufficient to recall and remember the property she was about to bequeath, and the objects of her bounty, and the disposition which she wished to make — to know and understand the nature and consequences of the business to be performed, and to discern the simple and obvious relation of its elements to each other. . . ."
Knox v. Knox, 95 Ala. 495, 503, 11 So. 125, 128 (1892). However, since it is presumed that every person has the capacity to make a will, the contestant has the burden to prove a lack of testamentary capacity. Johnston v. Johnston, 174 Ala. 220,227, 57 So. 450, 452 (1912). This court has said that:
 "The burden is on the contestant to show incapacity at the time the will was made and insanity prior to that time, unless of a permanent character, raises no presumption of insanity at the time the will was made."
King v. Aird, 251 Ala. 613, 617, 38 So.2d 883, 887 (1949). Unless the contestant presents evidence that the testatrix suffered from a permanent type of insanity prior to the execution of the will (which was not shown in this case), the contestant's burden of proof is met when the jury is reasonably satisfied from the evidence that the testatrix did not have testamentary capacity at the time she executed the will. SeeTucker v. Tucker, 248 Ala. 602, 611, 28 So.2d 637, 645 (1946).
When mental capacity is at issue, the factual inquiry must necessarily be of the broadest range:
 "Evidence is competent to prove conduct and language at various times and places indicating an unhealthy mental condition, and the more extensive the view the safer is the determination reached."
Id. at 610, 28 So.2d at 644; accord, Batson v. Batson, 217 Ala. 450,456, 117 So. 10, 15 (1928); Johnston v. Johnston, supra,174 Ala. at 226, 57 So. at 452. Thus, evidence offered as to the mental and physical condition of the testatrix, either before or immediately after execution of the will, is admissible since it tends to indicate her condition when the will was signed. Burke v. Thomas, 282 Ala. 412, 417,211 So.2d 903, 908 (1968); Haghart v. Cooley, 278 Ala. 354, 357-58,178 So.2d 226, 228 (1965); Tucker v. Tucker, supra,248 Ala. at 610, 28 So.2d at 644; Knox v. Knox, supra, 95 Ala. at 503-04,11 So. at 128; Fountain v. Brown, 38 Ala. 72, 75 (1861). Likewise, testimony regarding the testatrix's "conversations, deportment, acts, and appearance" has been found to be competent on the issue of testamentary capacity. Batson v.Batson, supra, 217 Ala. at 456, 117 So. at 15.
Also relevant to this issue is the character of the testamentary scheme; i.e., the reasonableness of the distributions made by the testatrix in her will. It is permissible for the jury to examine the will to see if its provisions are "just and reasonable, and consonant with the state of the [testatrix's] family relations," since this would reflect on her capacity to recall the natural objects of her bounty. Fountain v. Brown, supra at 74. This court, in Councillv. Mayhew, 172 Ala. 295, 55 So. 314 (1911), has stated that:
 "An unequal disposition of property per se raises no presumption . . . of testamentary incapacity, nor is it per se unnatural; but the unequal treatment of those who ostensibly have equal claims upon the testator's bounty, or the preference of one to the exclusion of another, may under the circumstances of a particular case, be deemed unnatural. In such a case, an unnatural disposition is a fact to be ascertained and considered by the jury [on the issue of testamentary capacity]."
Id. at 308, 55 So. at 318; accord, Tucker v. Tucker, supra,248 Ala. at 612, 28 So.2d at 646; Batson v. Batson, supra,217 Ala. at 457, 117 So. at 16. The pecuniary condition of the testatrix's heirs, when considered in the light of an unnatural disposition of property, would also reflect on the character of the will and would therefore be admissible. Fountain v. Brown,supra at 75. *Page 319 
There was sufficient evidence presented in this case for the jury to find that the testatrix lacked testamentary capacity when she signed her will on April 15, 1970. The testimony indicated that the testatrix became quite depressed after her eldest son died in January of 1970, and there was also evidence presented that she was disoriented when she went to Florida with relatives both before and after April 15, 1970. The evidence indicated a noticeable decline in the testatrix's attention to her appearance and to the cleanliness of her clothing immediately prior to the execution of the will.
The fact that the 1970 will left all of the estate to Mrs. Fletcher, the testatrix's daughter, thus making no provision for her son or granddaughter, could be evidence of an unnatural disposition of her property, and could be considered by the jury on the issue of testamentary capacity. This feature of the 1970 will is significant in that the 1970 instrument revoked the testatrix's prior will of 1959, which provided for the equal disposition of her estate among her three children.
The unnatural disposition manifested by the 1970 will and the pecuniary condition of the testatrix's heirs in 1970 (which did not show a great disparity between Mrs. Fletcher's financial condition and that of the testatrix's son and granddaughter), when considered with the evidence of the mental and physical condition of the testatrix before and after the execution of the will, supports the jury's verdict that the testatrix lacked testamentary capacity. In cases of this nature, the verdict of the jury cannot be overturned unless shown to be clearly wrong and unjust. Wilson v. Payton, 251 Ala. 411, 414, 37 So.2d 499,501 (1948); Watkins v. Yeatman, 189 Ala. 370, 66 So. 707
(1914). The refusal of the trial judge to grant the appellant-proponent's motion for new trial strengthens this presumption in favor of the verdict. Johnson v. Howard,279 Ala. 16, 22, 181 So.2d 85, 91 (1965). After a careful consideration of the record in this case, we feel that the jury's verdict is not clearly wrong and unjust, and the judgment entered in favor of the contestants is hereby affirmed.
AFFIRMED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.