# Bruce, *et al. v.* Sierra.

## *Probate of Will.*

(Decided February 8, 1912. 57 South. 709.)

1. *Wills; Revocation; Instrument Revoking.*—Under sections 6172 and 6174, Code 1907, an instrument revoking a will to be operative must be signed by the testator or someone for him, attested by at least two witnesses, who must subscribe their names in the presence of the testator.

2. *Same.*—Under section 6174, a subsequent will legally executed revokes a prior will without any proof of the contents of the will.

3. *Evidence; Weight.*—The weight to be given to the evidence of a witness is for the jury, and the court may not reject the testimony of a witness who testifies to the due execution of a will and who states that he gives his best recollection.

4. *Trial; Objection to Evidence; Necessity.*—Where a witness who was a lawyer, but who did not qualify as an expert, testified that the will was properly executed, and no objection was made to the testimony on the ground that it was a mere conclusion, and the facts on which he based his opinion were not elicited, the testimony could not be excluded on a general objection.

5. *Statutes; Construction; Re-enactment After*—Where a statute has been judicially construed, and is re-enacted without modification, the re-enactment adopts the construction previously given the statute, and it must receive the same construction.

(Mayfield, J., dissents.)

APPEAL from Mobile Probate Court.

Heard before Hon. PRICE WILLIAMS, JR.

[Bruce, et al. v. Sierra.]

Petition by Jane Bruce Sierra for the probate of the will of Catherine L. Bruce, deceased, and Catherine L. Bruce and others appeared to contest the probate. From a decree admitting the will to probate, contestants appeal. Reversed and remanded.

The basis of the contest was that, long after making said proposed will, Catherine L. Bruce made and executed, in the presence of witnesses as required by law, another will covering the same property, thereby revoking said former will.

SULLIVAN & STALLWORTH, for appellant. The testimony of the witness Inge was in full accord with all of the authorities holding that a witness properly testifies to the best of his recollection and belief.—1st Greenleaf on Evidence, § 440; *Head v. Shaver,* 9 Ala. 792; *A. G. S. R. R. Co. v. Hill,* 93 Ala. 520; *Elliott v. Dyche,* 80 Ala. 378. The witness Inge being an expert, his testimony that the will was "properly attested," was a shorthand rendition of the facts, in connection with his testimony that it was executed in the presence of himself and the young lady in his office, who signed it as witnesses.— *Hood v. Disston,* 90 Ala. 377; also citations, 3 Mayfield's Dig. p. 476, § 820. The testimony tending to prove the execution of a subsequent will, its weight and sufficiency were for the jury, and the court erred in excluding it.—*Holmes v. Brownlee,* 71 Ala. 132; *Sanders v. Stokes,* 30 Ala. 432; *Hart v. Freeman,* 42 Ala. 567. The evidence of the contestants tending to prove the issue tendered by them, and formed by the court, the court erred in giving the general affirmative charge for the proponent.—*Penton v. Williams,* 163 Ala. 608.

ELLIOTT G. RICKARBY, and NORVELLE R. LEIGH, for appellant. There are three things essential to revoke

the will.   First, it must be in writing.   Second, it must
be signed by the testator, or by some one for him, and
it must be attested by at least two witnesses who must
subscribe their names in the presence of the testator.—
Sections 6172, 6174, Code 1907.   There is no evidence
in this case that the last prerequisite was complied
with.—*Moore v. Spear,* 80 Ala. 129.   There was no error
in excluding on a general motion, the statement of the
witness that the subsequent will was properly executed.
In any event, it was opinion evidence, and the defense
did not make out their case.

ANDERSON, J.—Section 6174 of the Code of 1907
provides that a will otherwise regular can be revoked
only by the destruction of same, with the intention of
revoking it, or "by some other will in writing, or some
other writing subscribed by the testator, and attested
as prescribed in the first section of this article," i. e.,
section 6172.   It is therefore plain that the revoking
must be executed with all due formality, and the com-
pliance with every legal requirement must appear af-
firmatively as follows:   (1) The will must be in writ-
ing;  (2) it must be signed by the testator, or some one
for him;  (3) it must be attested by at least two wit-
nesses;  (4) the witnesses must subscribe their names
in the presence of the testator.
We think there was evidence from which the jury
was authorized to find the existence of all of the essen-
tial facts tending to show the legal execution of a sub-
sequent will by Mrs. Bruce and a revocation of the one
undergoing contest.   It is true the witness Inge was not
absolutely positive in his testimony, but qualified it
with to his belief and the best of his recollection; but
this was not the mere expression of an opinion in the
proper sense of the term.   It was the assertion of the

existence of facts, qualified by the admission that the recollection of the witness was not clear and distinct, but that he may be mistaken. This qualification, though weakening the force of the testimony, and, in the opinion of the jury, may have deprived it of any value as evidence, did not authorize the rejection of same; it was for the jury alone to determine the weight of same.—*Head v. Shaver & Adams,* 9 Ala. 791; 1 Greenl. on Ev. § 440; *A. G. S. R. R. Co. v. Hill,* 99 Ala. 520, 9 South. 722, 30 Am. St. Rep. 65; *Elliott v. Dyche,* 80 Ala. 378.

It has been suggested in brief of appellees' counsel that Inge did not testify that the will was signed by the witnesses in the presence of the testatrix. This he did not do in exact words; but he stated that Mrs. Bruce executed the will, and that it was "properly attested." If it was "properly attested," then it was attested by two witnesses in the presence of the testatrix. Whether the opinion of Inge, who was a lawyer, was or was not competent as expert evidence matters not; for the conclusion or opinion of a layman or of a nonexpert was material proof of the proper execution of the will, and, if improperly proven, the opposing party should have objected thereto at the time, and not sit silently by and permit the contestant to prove material facts by conclusions and opinions, and then subsequently move to exclude all of the testimony which made a case for the jury, simply because some one link thereof had been proven by opinions or conclusions, and to which no objection was interposed at the time of deliverance. Had Inge not qualified as an expert, he may have done so upon objection to his opinion upon the proper ground; or, if his testimony was an opinion or conclusion, upon objection thereto, he may have stated the facts or details upon which he based said opinion or conclusion.

At any rate, we think all established rules of evidence, as well as fairness, forbid the granting of a general motion to exclude all the evidence, which makes out a case for the jury, simply because some of it, though consisting of material facts, was, perhaps, subject to specific objection, owing to the manner of rendering same, but which said objection was never interposed. The probate court improperly excluded all of the contestants' evidence, and with this evidence before the jury the proponent was not entitled to the general charge.

It is true there was no proof of the contents of the second or last will; but the jury could infer from the evidence that the testatrix executed a will subsequent to the one offered for probate, and if this was true this last will was a revocation, under the statute, of the one offered.—Section 6174 of the Code of 1907. . The court, in speaking of this statute as it existed in the Code of 1867, in the case of *Barker v. Bell,* 49 Ala. 284, said: "The point is made for the proponents that in order to revoke a will, it is not sufficient that the existence of a subsequent will should have been found by the jury; but it must be found different from the former, with the nature of the difference. The proposition is not correct. One of the ways of revoking a will is by making a subsequent one.—Rev. Code, § 1932."

Whether this was or was not the proper construction of the statute originally, we cannot now decide, as it was brought forward in the succeeding Codes as so construed, unchanged up to and included in the Code of 1907. It also received the same construction in the cases of *Wilson v. Bostick,* 151 Ala. 536, 44 South. 389, and *Allen v. Bromberg,* 147 Ala. 317, 41 South. 771. "It is an elementary rule of statutory construction that reenacted statutes must receive the known, settled construction which they had received when previously of

force; for it must be presumed the Legislature intended the adoption of that construction, or they would have varied the words, adapting them to a different intent.— Sutherland on Stat. Con. § 256. The rule has been of frequent application to the Code, in its construction. Uniformly the Legislature has been presumed to have known the settled construction of statutes, of which there was a substantial re-enactment, and to have intended the adoption of such construction.—Brickell's Dig. 349, § 2. And to this rule the statute of wills has been subjected; and, in so far as it may be a substantial re-enactment of its predecessor, which was borrowed from the English statute of frauds, the known construction the English statute had received prior to its enactment here has been followed."—*Barnewall v. Murrell,* 108 Ala. 366, 18 South. 831.

The case of *Knox v. Knox,* 95 Ala. 495, 11 South. 125, 36 Am. St. Rep. 235, is in apparent conflict with the authorities, supra, but a careful reading of the opinion will demonstrate that the holding was largely induced by a failure of the bill of exceptions to disclose all the evidence. Moreover, only so much of the will of 1883 as was sought to be established, and which was claimed to have not been revoked by the will of 1889, was that part which purported to be the execution of a power under certain deeds to the testatrix, Mrs. Knox. The court said: "Looking at the two instruments together, we cannot say the one executed in 1883 was not a testamentary exercise of the power authorized by the deeds of trust referred to; and there is certainly nothing in the evidence to show that the power thus exercised was subseuently revoked." For aught that appears, the will of 1883 was a mere devise under the power of the deeds of the trust property, and had no relation to her individual property, and was the mere execution of a power

[Bruce, et al. v. Sierra.]

under sections 3426 and 3429 of the Code of 1907, and the last will and codicil may have related to her estate not included in the trust estate, and may have specifically preserved the former will, in so far as it was an attempt to execute the power conferred by the deeds therein referred to in said will of 1883. On the other hand, if this case is in conflict with the other cases construing the statute, it should be overruled as being opposed to the statute as then construed, and which cannot be upheld upon the theory that the readoption of the statute in a subsequent Code was a ratification of the changed construction of same, as the statute was not construed or considered in said *Knox Case.* It was not referred to, and seems to have entirely escaped the attention of the court. Upon another trial, there will be no impropriety in permitting proof of the extent and value of the testatrix's estate.

The judgment of the probate court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur.

MAYFIELD, J.—(dissenting.)—I cannot concur in the last part of the opinion nor in the decision in this case. I do not believe that it was ever intended by the lawmakers of this state to provide that the mere fact of executing one written instrument revokes or destroys all others of the same kind, executed by the same person, no matter what may be the contents or the provisions of either. I do not believe that section 6174 of the Code, as to the revocation of wills, so provides, or was ever intended by the lawmakers to so provide. The writer of this dissent, as code commissioner, wrote this

section of the Code as it now appears, and he had no idea that it would or could be so construed as to have this effect. I am of the opinion that that clause of this section of the Code here construed is one of those provisions of the law that is too plain in meaning to admit of construction. There is nothing open for construction. It means what it says, and says what it means. The whole section is intended, as clearly appears upon its face, to limit the mode and means of revoking written wills. After mentioning some of the modes, as burning or tearing, canceling, etc., there follows the clause in question, which says, "by some other will in writing, or some other writing subscribed by the testator and attested as provided in the first section of this article." This clause merely mentions an agency or instrument by which the testator may revoke his will, another written will, or some other writing, executed with the same formalities as required in case of a will. This, I think, is for form, providing that, if he ever does execute another will or any other instrument required to be executed in the mode that a will is executed, he thereby revokes all other wills, no matter what may be the contents of the last instrument so executed.

There is not a whit more reason for saying that the mere fact of executing a will revokes all former ones than there is for saying that executing any other written instrument requiring the formalities of a will, such as a deed or a mortgage, revokes them. The statute merely provides that the revocation must be evidenced by a writing executed in the manner provided for the execution of the will itself.

The law does now, and has always, provided, that if a man conveys by deed land theretofore devised the deed revokes the will pro tanto. Is it possible that, if a man executes a deed after making a will, conveying any

[Bruce, et al. v. Sierra.]

land, he thereby revokes his will in toto, irrespective of the contents of the will or of the deed? A holding to that effect, I submit, would be no more unreasonable than the construction given to section 6174 of the Code.

It is but just and fair to my Brothers on the bench to say that they would not give the statute the construction here given it, if it were now up for construction for the first time. They are now acting upon the theory that the statute was so construed in the case of *Barker v. Bell*, 49 Ala. 284, and that the statute has since been readopted, with this construction placed upon it, and that the case has been subsequently followed, and thus has become a rule of property, and that the court is not now at liberty to depart from that construction, however erroneous it may be. To this reasoning I cannot agree. In the first place, I do not think the case of *Barker v. Bell* did or could so construe this statute as to bind all future legislators in the re-enacting of the statute, or future courts in the construction thereof. The court in that case could bind the parties in that suit, and no one else, and bound them only in that particular suit, and not in any other; and under our law, if there had been a subsequent appeal in that particular suit, that decision would not have been binding upon the parties thereto, nor upon the court rendering it, much less upon other parties or other courts.— Code, § 5965. I do not doubt nor dispute that the writer of the opinion in the case of *Barker v. Bell* had an erroneous conception of the purpose, effect, and meaning of the section of the Code under consideration, if we may judge his conception by what he said in the opinion. Nor do I deny that the opinion in that case is in accord with the decision in this case; but both are equally wrong. But the opinion in the former case upon this point was dictum, because not necessary to a

decision of the cause then in hand. It is true that the writer in that case says: "The point is made for the proponents that, in order to revoke a will it is not sufficient that the existence of a subsequent will should have been found by the jury; but it must be found different from the former, with the nature of the difference. The proposition is not correct."

But the allegation of contest in that case, and which the contestant was required to prove, was that the second will revoked the first, and was executed with the intent to revoke it. Some of the grounds were as follows: "After the execution of said written instrument propounded for probate, said decedent revoked the same by the execution of a subsequent will, to wit, in May or June, 1868. (3) After the execution of said paper propounded for probate, the said decedent revoked separately each bequest and devise therein mentioned by the execution of another will in writing, with the intention of revoking the same; (4) or by the execution of a paper signed by said testator, and attested by three witnesses, who subscribed their names thereto as witnesses in the presence of said decedent, and at his request, with the intention of revoking separately each devise and bequest as aforesaid."

It will be observed that the contestant in that case was required to prove that the last will *revoked* the first. While, as the judge said, he would not necessarily be required to prove the bequests or devises of the last, yet he would be required to prove that the second revoked the first. The second might have been intended only to revoke the first, and may not, therefore, have contained any disposition of the property; yet it would, under the law and the statute and the allegations of contest, have been just as effective to revoke as if it had

disposed of the testator's property inconsistently with the provisions of the first will.

So it clearly appears that the case in 49 Alabama did not decide what the majority conclude that it decided, and if the opinion speaks otherwise it is a mere dictum, and binds nothing, not even the lips that uttered it. As was said by an old judge: "An obiter dictum is a gratuitous opinion, an individual impertinence, which, whether it be wise or foolish, right or wrong, bindeth none, not even the lips that utter it.—Old Judge. "Taken from the title page of a work on Obiter Dicta, published by John D. Allen, New York, 1885.—*Hart v. Stribling*, 25 Fla. 433, 6 South. 455, 456.

If it can be said that the case of *Barker v. Bell, supra,* decided as the majority think it did, and that the statute has been readopted with that construction attached, then I answer that contention by saying that *Barker v. Bell* was overruled by *Knox v. Knox,* 95 Ala. 495, 11 South. 125, 36 Am. St. Rep. 235, and that the statute in question has been three times readopted by the Legislature since the latter decision, without change, and with the last and proper construction placed upon it—a construction by the majority conceded to be correct but for the decision in *Barker v. Bell.*

It is true that the opinion of the court in the case of *Knox v. Knox* does not refer to the statute nor to the case of *Barber v. Bell;* but the court must be presumed to have known the law, as it was in force at that time—that is, the statute and the decision in question—and we should not assume that it overlooked same, merely because it did not mention said statute and decision in the opinion. No opinion ever attempts to specifically refer to and name all the statutes or all the decisions applicable to the case decided. It is a no more violent presumption to suppose that the Legislature had in mind

the case of *Knox v. Knox,* when they on three several occasions readopted this statute, than it is to suppose that they had in mind the case of *Barker v. Bell,* which was written and published 20 years before the case of *Knox v. Knox.*

In the case of *Knox v. Knox, supra,* the statement of facts shows that the testatrix executed six separate and distinct testamentary papers, only one of which was denominated a "codicil;" and the trial court instructed the jury, as matter of law, that the testamentary papers offered for probate—three in number—were not revoked by the subsequent wills. One of the charges was as follows: "As a matter of law, that portion of the will of 1883 propounded for probate was not revoked by the wills said to have been executed by Anna O. Knox in the years 1887, 1889, 1890." And this court on appeal, affirmed the decrees of the circuit and probate courts, probating these three instruments, and held that there was no error in the charges.

It is to my mind made certain, beyond doubt, that the court and writer of the opinion in the case of *Knox v. Knox* construed the statute, no less than was done in the case of *Barker v. Bell,* and in effect overruled the last-mentioned case, if it decided what the court now holds it decided.

As before stated, I do not think the latter case decided what my Brothers hold it decided; but, if it did, it was in effect overruled by *Knox v. Knox.* This last case, as my Brothers concede, construes the statute as it reads; *Barker v. Bell* does not, but construes the statute, not as it reads (if it decides what my Brothers think it does), but it in effect writes a new statute, or a new provision in the statute, which the Legislature did not see fit to insert.

[Bruce, et al. v. Sierra.]

Our statute on the subject of revocation of wills is practically an adoption of the English statute (1 Vict. c. 26, § 20), which has been practically adopted in most all the states of the Union, and has been construed in most all the courts of England and of the United States, and in all, so far as I can ascertain, as construed by this court in *Knox v. Knox.*

The American cases are collected in the Century and Decennial Digests, under the subject, "Wills," sections 456-641, and sections 179 et seq., respectively, most of which are in accord with the text-writers on the subject. The American & English Encyclopedia of Law states the rule as follows, as to revocation by another will (volume 30, p. 624) : "A duly executed will may operate as a revocation of a prior testimentary instrument by reason either of an express clause of revocation, or of an inconsistent disposition of the previously devised property."

It is said by Mr. Williams (Executors), and quoted in a note in 30 Am. & Eng. Ency. Law, p. 626, as follows: "The principle applicable is well expressed in Mr. Justice Williams' book on Executors. He says: 'The mere fact of making a subsequent testamentary paper does not work a total revocation of a prior one, unless the latter expressly, or in effect, revokes the former, or the two be incapable of standing together; for, though it be a maxim, as Swinburne says above, that as no man can die with two testaments, yet any number of instruments, whatever be their relative date, or in whatever form they may be (so as they be all clearly testamentary), may be admitted to probate as together containing the last will of the deceased. And if a subsequent testamentary paper be partly inconsistent with one of an earlier date, then such latter instrument will revoke the former as to those parts only where they are

inconsistent.' This passage truly represents the result of the authorities."

Mr. Redfield (Law of Wills, vol. 1, *p. 351, p. 357) states the rule as follows: . "The mere fact that one is shown to have made a subsequent will does not amount to a revocation of the former one, unless it appear that it contained an express clause of revocation, or that its contents were inconsistent with those of the former, or where the later one disposes of the testator's entire estate. And where the same estate is given to different persons, in two wills of different dates, the later bequest is an entire revocation of the former. But where the same property is given in the same will to different persons, such persons take as tenants in common; there being no sufficient ground to presume that the testator had changed his purpose while making his will."

That these statutes were in force when these texts were written and cases decided, is shown as follows: "To prevent the admission," says Chancellor Kent, "of loose and uncertain testimony, countervailing the operation of an instrument made with the formalities prescribed, it is provided that the revocation must be by another instrument, executed in the same manner, or else by burning, canceling, tearing, or obliterating the same by the testator himself, or in his presence, and by his direction. This is the language of the English statute of frauds, and of the statute law of every part of the United States."—4 Kent, 520, 521.

This clearly shows the object and purpose of the statutes. The effect given our statute in this case is to inhibit a man from making two testamentary instruments, or even any written instrument executed with the formalities of a will, without revoking all prior testamentary instruments, unless he should denominate the last will a codicil to the former. This I do not think

to be the law, and it will be destructive of thousands of wills if it is made the law. There are a great number of cases in this state in which two, three, and four separate testamentary instruments have all been probated as the last wills and testaments. In one case, an instrument which was in form a deed, but could not take effect as such, was given effect as a will, though executed after the will and after the codicil to the will. The three instruments, though separate, were all given effect to as wills.

In a note to the case of *Knox v. Knox*, as reported in 36 Am. St. Rep. 241, it is said: "All testamentary papers, no matter how numerous, should be proved together as one will.—*Pepper's Estate,* 148 Pa. 5 [23 Atl. 1039]. A paper may be referred to and made a part of a will, if such paper is then in existence and can be identified.—*In re Shillaber,* 74 Cal. 144 [15 Pac. 453]; 5 Am. St. Rep. 433, and note. Notes made by a testator, payable at his death, folded up in his will and referred to therein, and remaining in his possession at his death, are a part of the will.—*Fickle v. Snepp,* 97 Ind. 289, 49 Am. Rep. 449, and extended note."

The evil of the rule announced will be clearly shown in this case, if contestant is able to prove the execution of a second will. It will, as thus far appears from the record in this case, be shown that the testatrix made two testamentary dispositions of her property, or a part thereof, without any evidence to show that she ever intended to revoke the first by the last, but, at most, only to provide for a person not provided for in the first; but, as the last will is lost and its contents are not proven, it cannot be probated, yet nevertheless it will revoke the first, and thus testatrix's will, whether expressed in one or two instruments, will be entirely defeated, and therefore, in law, she will have died intes-

tate, and all the objects of her bounty will be entirely deprived of their property, or, at best, of the interest therein that testatrix clearly intended that they should take.

I am wholly unable to understand the reason or the logic in any such holding. Instead of being a rule to preserve the rights of property, its necessary effect is to destroy such rights.