181 So. 243

## WHEAT et al. v. WHEAT.
### I Div. 5.

Supreme Court of Alabama.

May 12, 1938.

Granade & Granade, of Chatom, for appellants.

Outlaw & Seale, of Mobile, and J. Massey Edgar, of Chatom, for appellee.

ANDERSON, Chief Justice.

In the recent case of Bruce, et al. v. Sierra, 175 Ala. 517, 57 So. 709, Ann.Cas. 1914D, 125, we were constrained to follow the cases there cited, holding that the mere making of a subsequent will revoked all previous ones whether there appeared an express revocation or not, because the statute as so construed had been repeatedly readopted without change. We do not think, however, that these cases went to the extent of holding that the last will revoked all previous ones when it expressly negatived an intention to revoke a certain previous one.

The present will, that is, the one under consideration, contains the following expression: "This will revokes all former wills, except the one in favor of my sister, Byron Cornelia Conerly." The general rule seems to be that when a testator leaves two wills executed at different times, which are partly but not wholly inconsistent, and there is no revocation of the former (or under the rule in this state the former is referred to and preserved by the subsequent one), such instruments together constitute the will of the testator and should be admitted to probate and construed as one will.

In re Molson, 21 Ont.L.Rep. 289, 18 Ann.Cas. 279, and extensive note where many English and American cases are cited, and Knox v. Knox, 95 Ala. 495, 11 So. 125, 36 Am.St.Rep. 235, the rule seems to be that the two should be probated and construed as one will. Especially will the two wills be construed together when the second one disclaims any intention of revoking a prior will. Page on Wills, § 437.

True, modifications or changes in wills can be and are frequently made by codicils, but the will under consideration does not appear to be a codicil instead of a will, and the authorities cited deal with wills as distinguished from codicils. We add, however, that if the will in question was intended as a mere codicil to the former will in favor of her sister, the same should be probated together and construed as one will.

So, in either event, the will in question should have been accompanied by the will to which it refers and declined to revoke when offered for proof and probate, and the trial court erred in not sustaining the contestants' objection to the will unaccompanied by the former one to which it referred as not being revoked.

True, what purports to be the will to the sister, and as referred to in the present will, appears to be set out in another part of the record, but it does not appear that it was offered in connection with the one sought to be proven and probated, and until the two were authenticated and proven together, the last one alone was not properly probated.

The decree of the probate court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.