46 So.2d 424

### ALDRIDGE v. SEABORN et al.

#### 6 Div. 883.

Supreme Court of Alabama.

May 11, 1950.

R. G. Redden, of Vernon, for appellant.

Young & Young, of Vernon, for appellees.

LIVINGSTON, Justice.

Plaintiff sued the partnership of Seaborn Brothers, and Homer Seaborn, Marshall Seaborn and Paul Seaborn, individually, for damages for personal injuries and damage to his automobile. The complaint contained one count for simple negligence.

Homer Seaborn interposed pleas of the general issue and contributory negligence. Marshall and Paul Seaborn interposed pleas of the general issue, contributory negligence and a plea denying that they were partners in the alleged firm of Seaborn Brothers. The pleas were not tested by demurrer.

At the conclusion of the evidence, the trial court gave the general charge for Marshall and Paul Seaborn, and submitted the case to the jury as to Homer Seaborn. The jury returned a verdict for all of the individual defendants, but made no finding as to the partnership. However, no point is made as to the verdict in this regard.

The only assignments of error are that the trial court erred in giving the general charge for Marshall and Paul Seaborn, and that the verdict is contrary to the evidence.

The lower court correctly gave the general charge as to Marshall and Paul Seaborn upon their written request to do so.

In the absence of a motion for a new trial this Court will not pass on the weight of the evidence. Orman v. Scharnagel, 210 Ala. 381, 98 So. 123. A motion for a new trial was not made in the court below.

The uncontroverted evidence shows that plaintiff was injured and his automobile damaged on a public highway near Sulligant, Alabama; that plaintiff was at-

604

tempting to pass a truck, called a rolling store, when the two vehicles collided. Homer Seaborn testified that he owned and operated a mercantile business in Sulligent and that his two brothers worked for him, but were not otherwise interested in the business. This was substantiated by the testimony of Marshall and Paul Seaborn. The three brothers admitted that across the front of the mercantile business was a sign "Seaborn Brothers." The record is silent as to any sign or signs on the rolling store.

We can lay to one side the question of whether the three brothers were engaged in the mercantile business as partners, for the simple reason there is no evidence in the record from which the jury could have drawn an inference that the rolling store was a part of the mercantile business. In fact, the parties agreed before the taking of testimony that Homer Seaborn was the owner of the rolling store, as is evidenced by the following:

"Mr. Redden: You admit, Mr. Young, that the rolling store was owned by Mr. Homer Seaborn and operated by his agents, servants or employees in the line and scope of their employment?

"Mr. Young: Yes."

Further, the plaintiff testified as follows:

"Mr. Redden: Were you between Sulligent and Gattman on the day this accident occurred?

"Yes, sir.

"What were you driving?

"A. 1941 Ford four door sedan.

"Q. Now, while traveling on that highway on that occasion did you come up behind a rolling store or truck operated by Mr. Homer Seaborn? A. Yes, sir, I didn't know at the time whose truck it was.

"Q. Do you know now it was his? A. Yes, sir."

The trial court did not err in giving the general charge for Marshall and Paul Seaborn.

Affirmed.

FOSTER, SIMPSON and STAKELY, JJ., concur.