McEniry, McEniry & McEniry, Bessemer, for appellant.

58 So.2d 117

## PUGH v. PERRYMAN.
### 6 Div. 270.

Supreme Court of Alabama.
April 3, 1952.

Huey, Welch & Stone, Bessemer, for appellee.

STAKELY, Justice.

This is an appeal from the Bessemer Division of the Probate Court of Jefferson County from a decree overruling a demurrer to a bill for a declaratory judgment filed in that court.

Hessie P. Perryman died on October 30, 1950 and on November 6, 1950 Thomas I. Perryman (appellee here) filed in the said probate court a petition to probate an alleged will of the said decedent made by her on April 5, 1944. Under this instrument Hessie P. Perryman left all of her property to Thomas I. Perryman, her husband.

Thereafter on November 9, 1950 Sam Pugh (appellant here), brother of the deceased, filed in the aforesaid court a petition to probate an alleged will of Hessie P. Perryman dated July 31, 1944. Under this instrument Hessie P. Perryman left all of her property to her brother Sam Pugh.

Both of the aforesaid petitions are now pending.

Thereafter a bill for a declaratory judgment was filed by Thomas I. Perryman (appellee) in the Bessemer Division of the Probate Court of Jefferson County, Alabama, for a declaration that the instrument dated April 5, 1944 be declared the last will and testament of Hessie P. Perryman and entitled to probate and that the instrument dated July 31, 1944 be declared a nullity and not entitled to probate as the last will and testament of the deceased.

The following is a statement of the substance of the allegations of the bill as seems to us to be necessary for an understanding of the case.

Hessie P. Perryman died October 30, 1950, leaving as her sole heirs her husband Thomas I. Perryman and two brothers Sam Pugh and Thomas Pugh. Hessie P. Perryman and Thomas I. Perryman married about 26 years prior to the death of the deceased. On or about April 1, 1944 it was mutually agreed between Hessie P. Perryman and her husband Thomas I. Perryman that in consideration of Thomas I. Perryman making a will leaving all of the property that he might own at the time of his death to his wife and agreeing thereafter to place the title, so far as possible, to all property that he might purchase in their joint names and further agreeing at his expense to keep and maintain the homeplace, the title to which stood in her name, in a state of good repair and pay the taxes and insurance thereon, Hessie P. Perryman would make a will similar to that of Thomas I. Perryman leaving all of her property to him. It was further agreed that neither would revoke such will.

Pursuant to the aforesaid agreement Thomas I. Perryman and his wife on April 5, 1944, each duly and legally executed respectively a last will and testament whereby all the property owned by the one was bequeathed to the other. The two aforesaid wills were then placed in the custody of Thomas I. Perryman and he at all times thereafter kept them in a place of safety and at the time of the death of deceased, the two wills were in a safety deposit box of the American Bank & Trust Company

at Bessemer, Alabama. A copy of the will made by Thomas I. Perryman to his wife which devised and bequeathed all his property to her, was attached as an exhibit to the bill and made a part thereof.

Relying upon the aforesaid agreement and the execution of the will by the decedent in his favor Thomas I. Perryman thereafter in every respect fully and completely performed the agreement until the death of the deceased. The bill shows in detail the manner in which he performed the agreement. We need not here set out these various details, it being sufficient to say that he carried out his agreement and at no time did he undertake in any way to repudiate the agreement made with his wife or to revoke the will which he had executed in her favor.

On July 31, 1944, Hessie P. Perryman without the knowledge or consent of her husband executed a written instrument purporting to be her last will and testament by which she undertook to revoke all wills theretofore made, which would include the aforesaid will in favor of her husband. In this latter instrument she undertook to give, devise and bequeath all of the property of which she might die seized and possessed to her brother Sam Pugh. Thomas I. Perryman did not know until the death of his wife of the existence of the instrument made by his wife in favor of her brother nor did he know his wife had breached her agreement with him by attempting to revoke the will in his favor. The will made by Hessie P. Perryman to her brother was delivered to her brother and he kept possession of the instrument until her death. She never in any way told or intimated to her husband that she had executed the written instrument in favor of her brother but during the years after the execution of the instrument in favor of her brother reaffirmed with her husband her agreement with him and the fact that they had protected each other as to the property in their respective names by virtue of the mutual wills.

Pretermitting consideration of the power of the Probate Court of Jefferson County to entertain a bill for a declaratory judgment under the provisions of § 181(1), Title 62, Code of 1940 (Pocket Part, p. 56), it will be observed that Thomas I. Perryman in the present proceeding is seeking (1) to have the court declare the will in favor of Sam Pugh inoperative and (2) to have the court declare the will in his favor as the last will and testament of his wife. Neither will has been admitted to probate.

A will is in its very nature ambulatory, subject to revocation during the life of the person who signed it and is revoked by the execution of another will, Allen v. Bromberg, 147 Ala. 317, 41 So. 771; Orr v. Helms, 217 Ala. 603, 117 So. 61, unless the will expressly negatives an intention to revoke the prior will. Wheat v. Wheat, 236 Ala. 52, 181 So. 243. While wills, as pointed out, are always revocable during testamentary capacity, deeds are irrevocable, and it sometimes becomes necessary to determine whether a certain instrument is a will or a deed. Craft v. Moon, 201 Ala. 11, 75 So. 302.

We have mentioned these principles because the theory of the present bill is that under the facts alleged Hessie P. Perryman for a valuable consideration renounced her absolute power to dispose of her estate at pleasure and thus bound herself by irrevocable contract. Wagar v. Marshburn, 241 Ala. 73, 1 So.2d 303; Cowin v. Salmon, 244 Ala. 285, 13 So.2d 190; Vickers v. Pegues, 247 Ala. 624, 25 So.2d 720. It was said in Allen v. Bromberg, supra:

"As a contract for the execution of a will with particular provisions can be specifically enforced only by fastening a trust on the property of the testator in favor of the promisee and enforcing such trust against the personal representatives and others claiming under the will violating the terms of the contract, it is necessary that the will be first probated, 'for it cannot be recognized in any forum until admitted to probate.' * * *." [147 Ala. 317, 41 So. 772.]

In the case of Walker v. Yarbrough, 200 Ala. 458, 76 So. 390, 392, cited by the appellee, the earlier of two wills had been probated. So, it was held that there was no need to resort to an independent suit to

enforce an agreement by one to dispose of her property by will in a particular way because the beneficiary could merely stand upon his rights under the probated will, as it appears "that the will is valid and binding, based upon a valuable consideration, accepted by the testatrix, and is therefore irrevocable". But in that case a will sought to be held inoperative had been probated.

In the case of Love v. Rennie, 254 Ala. 382, 48 So.2d 458, quoting from Kaplan v. Coleman, 180 Ala. 267, 60 So. 885, it was shown that since chancery courts have no jurisdiction in this state for the probate or establishment of wills, a bill for testamentary construction must exhibit a will which has been duly probated in a court of probate. It was further pointed out that such an allegation is jurisdictional and the fact of probate is essential to its exercise. It was further shown that the rule set forth in Kaplan v. Coleman, supra, was followed in Wachter v. Davis, 215 Ala. 659, 111 So. 917, in which there was a bill for the contest of a will. In this latter case it was observed: "So in the instant case, the probate of the will is essential to the exercise of the equity court's jurisdiction. When the bill was filed there had been no will probated, a jurisdictional essential. * * * Upon the filing of the bill the court was without jurisdiction, and this want of jurisdiction permeates the entire proceedings." Other Alabama cases recognizing the principle here discussed are cited in Love v. Rennie, supra.

But it was contended in Love v. Rennie, supra, as it is contended here, that the equity court does have jurisdiction as a result of the declaratory judgment law and that, therefore, the rule enunciated in Kaplan v. Coleman, supra, and in Wachter v. Davis, supra, is not applicable since those cases were decided prior to the declaratory judgment law. It was further held in Love v. Rennie, supra, that this was not a sound contention. It was shown that wills are among the instruments which may be construed where the terms are in dispute in an action for declaratory relief, but this relief can be had only in cases where the will has been probated before the jurisdiction of the equity court is sought for the construction of the will. In Love v. Rennie, supra [254 Ala. 382, 48 So.2d 465.] it was said:

"It would be an inexcusable interference with established probate procedure, and one which would result in confusion, to permit issues strictly within probate jurisdiction to be tried through the medium of independent suits in equity. True, as before indicated, there is a power to construe a will in a declaratory relief action, but we have no thought that in making this provision it was the intention of the legislature to transfer from the probate court to the equity court matters of probate cognizance. We do not think that the declaratory judgment law was designed to enable the equity court to supersede the functions of the probate court in the probate of wills and the ordinary administration upon estates. It was not intended to confer upon the equity court jurisdiction in admitting or refusing to admit an instrument to probate."

From the foregoing it clearly appears that Thomas I. Perryman cannot have the will in favor of Sam Pugh declared inoperative until such will has first been admitted to probate. It also clearly appears that the equity court has no power to declare the will in favor of Thomas I. Perryman at the last will and testament of his wife. The present proceeding is lacking in jurisdictional requirements and cannot stand. Other questions presented need not be considered. The decree of the lower court is reversed. One is here rendered sustaining the demurrer and the cause is remanded with direction to dismiss the bill.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and BROWN and LAWSON, JJ., concur.