110 So.2d 894

Sterling FOSTER

v.

Lula SHEPHERD et al.

4 Div. 916.

Supreme Court of Alabama.

April 9, 1959.

Rushton, Stakely & Johnston, Montgomery, for appellant.

Lawrence K. Andrews, Union Springs, for appellees.

GOODWYN, Justice.

This is a will contest involving the will of P. L. Posey, deceased, executed by him on January 27, 1954. The appellant, Sterling Foster, named in the will as executor, filed a petition in the probate court of Bullock County for probate of the will. Several of Mr. Posey's heirs (appellees) filed a contest in said court with a demand for transfer of the contest to the circuit court of Bullock County for trial before a jury pursuant to Code 1940, Tit. 61, § 63. The

transfer was made and the issue as to Mr. Posey's testamentary capacity was presented to a jury for determination. The jury found for the contestants and judgment on said verdict was duly rendered. This appeal is from that judgment. There was no motion for a new trial.

The only question presented to the jury was whether Mr. Posey had testamentary capacity at the time he executed the contested will.

Appellant insists that the evidence does not meet the required proof as to Mr. Posey's testamentary incapacity at the time he executed the will; that the verdict of the jury is contrary to the evidence "for that the only evidence of P. L. Posey's testamentary capacity on January 27, 1954, the date of the signing of his will, was that on the date of the signing, Mr. Posey did have testamentary capacity", and "for that there was no evidence of permanent insanity on the part of Mr. P. L. Posey (Testator) prior to the date of the execution of the will on January 27, 1954, and there was no evidence of the testamentary incapacity of Mr. P. L. Posey on January 27, 1954." There is also an assignment of error that the verdict is "contrary to the great weight and preponderance of the evidence."

As we see it, there are two questions presented, viz.: (A) Whether there is before us for review any question as to the weight of the evidence and, if so, whether the verdict of the jury "is contrary to the great weight and preponderance of the evidence," and (B) Whether it was error to refuse appellant's requested affirmative charge with hypothesis.

(A)

Since there was no motion for a new trial, the question of the weight of the evidence is not before us for review. Water Works and Sewer Board of Fairhope v. Brown, Ala., 105 So.2d 71, 74[1]; Aldridge v. Seaborn, 253 Ala. 603, 46 So.2d 424; Collins v. State, 250 Ala. 58, 60, 33 So.2d

18; Kennon v. Gunnels, 249 Ala. 225, 226, 30 So.2d 582; Street v. Street, 246 Ala. 683, 688, 22 So.2d 35; Orman v. Scharnagel, 210 Ala. 381, 382, 98 So. 123.

### (B)

Our one problem, then, is to determine whether the issue of testamentary incapacity was properly submitted to the jury. After carefully considering the evidence in consultation we are at the conclusion that it was.

It appears to be appellant's position that since the burden was on the contestants to prove Mr. Posey's incapacity at the precise time the will was executed, and since there was no direct evidence showing his incapacity at that time, and since there was a lack of evidence showing that he was afflicted with habitual, fixed and permanent insanity, it necessarily follows that there was no evidence justifying submission of the case to the jury.

■ As we see it, this argument is applicable to the question as to where the burden of proof was cast. But we do not have that question before us. There is no assignment of error questioning the propriety of giving or refusing to give any charge on the burden of proof nor questioning the trial court's oral charge in that respect. In fact, the trial court gave appellant's requested written charges dealing with the burden of proof. As to whether the contestants met the burden of proof which was cast upon them was essentially the question to be resolved by the jury from the evidence under instructions from the trial court.

■ Although there was no direct evidence offered by the contestants as to Mr. Posey's mental incapacity at the exact time the contested will was executed, it is our view that the evidence presented a typical jury case on that disputed factual issue. In this connection we deem it sufficient to observe that several of the contestants' witnesses (none of whom was challenged as to his qualifications) testified that, in their opinion, Mr. Posey was of unsound mind.

Applicable here is the following from Tucker v. Tucker, 248 Ala. 602, 610, 28 So.2d 637, 644:

"Evidence to show insanity is not confined to evidence of the mental condition of testator at the instant of the execution of the will, though whatever facts are adduced must tend to show the mental state at that moment. By outward acts we read the thoughts, the motives and the emotions, and as one's acts conform to the practices of people of sound mind or contrast therewith we form our judgment of sanity or insanity. Evidence is competent to prove conduct and language at various times and places indicating an unhealthy mental condition, and the more extensive the view the safer is the determination reached.

"This Court has held therefore that the issue of insanity gives much latitude to the parties to introduce evidence of testator's acts, declarations and conduct prior and subsequent to the execution of the will. Anderson v. State, 209 Ala. 36, 95 So. 171; Birchfield v. State, 217 Ala. 225, 115 So. 297; Deloney v. State, 225 Ala. 65, 142 So. 432; Cawley v. State, 133 Ala. 128, 32 So. 227; McLean v. State, 16 Ala. 672. See, also, Batson v. Batson, 217 Ala. 450, 117 So. 10; Johnston v. Johnston, 174 Ala. 220, 57 So. 450. There was some probative force under the circumstances of this case in the fact that Mr. Tucker suffered a default judgment to go against him in February 1934. Its weight was for the jury. * * *"

See, also, Price v. Marshall, 225 Ala. 447, 450, 452, 52 So.2d 149; Moore v. Spier, 80 Ala. 129, 134.

The judgment appealed from is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.