122 So.2d 116

**Milton E. HARRIS**

v.

**Emma G. MARTIN et al.**

**5 Div. 708.**

Supreme Court of Alabama.

May 26, 1960.

Rehearing Denied July 14, 1960.

Harry D. Raymon, Tuskegee, for appellant.

W. C. Hare and Richard H. Powell, III, Tuskegee, for appellees.

GOODWYN, Justice.

This is a will contest involving the will of Mary A. D. Harris, deceased, executed

by her on May 24, 1956. She died on June 21, 1958. The appellant, Milton E. Harris, a brother of the decedent and named in the will as executor and one of the beneficiaries, filed a petition in the probate court of Macon County for probate of the will. Two of decedent's nieces (appellees) filed a contest in said court with a demand for transfer of the contest to the circuit court of Macon County for trial before a jury pursuant to Code 1940, Tit. 61, § 63. The transfer was duly made and the cause proceeded to trial before the jury upon two grounds of contest, viz.: (a) That the "testator was of unsound mind at the time of the making of the said will", and (b) that "the said will was the product of undue influence exercised upon the said Mary A. D. Harris by Milton E. Harris." At the conclusion of the evidence, appellant requested affirmative instructions in his favor as to both grounds of the contest. These were refused. The trial court charged the jury with respect to both grounds of the contest, and the jury returned a general verdict in favor of contestants. Judgment on said verdict was duly rendered. This appeal is from that judgment. There was no motion for a new trial.

There are 21 assignments of error. Assignments 1 through 9 charge error in refusing to give 9 of appellant's requested written charges. The others relate to rulings on admission of evidence. We find no reversible error in any of the assignments.

### Assignments 1 through 5.

■ These relate to the refusal of requested charges 2, 11, 12, 15 and 18. Each of these charges was properly refused for at least one of the following reasons, viz.: It was argumentative, misleading, confusing, or not predicated on the jury's belief from the evidence.

### Assignments 6 through 9.

■ These assignments relate to the refusal of requested charges 20 through 23.

These are affirmative charges, both peremptory and with hypothesis, as to each of the two grounds of the contest. Upon due consideration of the evidence we entertain the view that, under the scintilla rule Southern Apartments, Inc. v. Emmett, 269 Ala. 584, 114 So.2d 453; Chesser v. Williams, 268 Ala. 57, 104 So.2d 918; Alabama Great Southern Railroad Co. v. Bishop, 265 Ala. 118, 89 So.2d 738, 64 A.L.R.2d 1190; McMillan v. Aiken, 205 Ala. 35, 88 So. 135), it was not error to refuse these charges.

■ Since there was no motion for a new trial, any question concerning the weight of the evidence is not before us for review. Foster v. Shepherd, 269 Ala. 94, 95, 110 So.2d 894; Water Works and Sewer Board of Fairhope v. Brown, 268 Ala. 96, 100, 105 So.2d 71; Aldridge v. Seaborn, 253 Ala. 603, 46 So.2d 424; Collins v. State, 250 Ala. 58, 60, 33 So.2d 18; Kennon v. Gunnels, 249 Ala. 225, 226, 30 So.2d 582; Street v. Street, 246 Ala. 683, 688, 22 So.2d 35; Orman v. Scharnagel, 210 Ala. 381, 382, 98 So. 123.

### Assignments 10 through 23.

■ As already noted, all of these assignments charge error in rulings on the admission of evidence over appellant's objections. But only in one instance (assignment 12) was there any semblance of a ground assigned in support of an objection. The rule is that if only a general objection is interposed, or only general grounds are assigned in support of an objection, no error results in overruling such objection unless the evidence is patently illegal and cannot be made legal for any purpose. Circuit Court Rule 33, Code 1940, Tit. 7, Appendix; Durham v. York, 269 Ala. 304, 306, 112 So.2d 472; Housing Authority of City of Decatur v. Decatur Land Co., 258 Ala. 607, 64 So.2d 594; W. T. Rawleigh Co. v. Haynie, 231 Ala. 246, 247, 164 So. 101; Bennett v. Bennett, 224 Ala. 335, 339, 140 So. 378; Sanders v. Knox, 57 Ala. 80, 83–84. In the last cited case, in an opinion by Brickell, C. J., it is stated as follows:

54

"The objection to the introduction of the mortgage was general and undefined, 'because the same was illegal, irrelevant and incompetent.' * * * A general objection of this character cannot be sustained, unless the evidence is manifestly illegal and irrelevant, and apparently incapable of being rendered admissible in connection with other evidence. · Such objections may mislead the party against whom they are taken, and the court, and lead to the practice of making objections in this court, which if made in the primary court would have been obviated. We concur with what was said by Collier, C. J., in Wallis v. Rhea & Ross, 10 Ala. [451] 453: 'Undefined objections should never be made to the admission of evidence; and it may be laid down generally, that if the party making them will not particularize, the court is not bound to cast about for the grounds upon which in the mind of counsel they are rested, but may properly disregard them.'"

Assignment 12 is not argued and insisted upon and must, therefore, be considered as waived. Lewis v. Haynes, 266 Ala. 564, 565, 98 So.2d 52; Epperson v. Stacey, 266 Ala. 396, 398, 96 So.2d 750; Rule 9 (10) of Revised Rules of the Supreme Court, 261 Ala. XIX, XXII, Code 1940, Tit. 7, Appendix, Cum. Pocket Part. Revised Rule 9 specifically provides that "assignments of error not substantially argued in brief will be deemed waived and will not be considered by the court."

There being no error to reverse, the judgment appealed from is due to be affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.