124 So.2d 105

**Ruby E. BROOKS**

v.

**Alma EVERETT.**

**7 Div. 506.**

Supreme Court of Alabama.

Nov. 3, 1960.

See also 124 So.2d 100.

Pilcher & Floyd, Ludger Martin, Roberts & Orme and G. Coke Williams, Gadsden, for appellant.

Beddow, Embry & Beddow, Birmingham, for appellee.

MERRILL, Justice.

Appeal from a verdict and judgment in favor of the contestant, Alma Everett, a daughter of the testator, in a will contest.

Appellant, Ruby E. Brooks, the widow of the testator, Calvin E. Brooks, sought to have his purported will probated. Appellee contested, asked for a jury trial, and secured the transferral of the cause to circuit court.

Appellee contested the will on two theories, (1) that there was a later lost will; (2) undue influence on the testator by appellant.

The will offered by appellant was dated September 10, 1945, and gave all of his personal property and a life estate in the real property to his wife, with the title going to his three children by a former marriage, two sons and the appellee.

The later lost will was executed in the latter part of April or early May, 1956. That will was established by the testimony of Kenneth R. Cain, the attorney who drew the will, and one of the attorneys representing the contestant and her two brothers. Appellant's main contention is that Cain's testimony was not admissible under the "dead man's statute," Tit. 7, § 433, Code 1940.

Cain testified that he came to Alabama City in the spring of 1956 to practice law in the office of J. L. Kerr, an attorney who died prior to the trial of the instant case. In late April or early May of that year the testator, Calvin E. Brooks, came into the office, asked him about making a will, asked if he would have to tell Mr. Kerr about it, and stated that he did not want either Mr. Kerr or Mrs. Brooks to know about the will.

Upon being told by Cain that the matter was confidential, Brooks gave Cain the information and the will was drafted.

Cain did not remember all the contents of the will, but recalled that Mrs. Brooks was to get the homeplace on Forrest Avenue and a nearby lot, and that the three Brooks children were named in the will, and were to receive a portion of the real and personal property. He did recall that the first paragraph of the will stated: "I do hereby revoke all testamentary dispositions by me heretofore made."

Two secretaries worked for Messrs. Kerr and Cain, and after one of them had prepared the will, both were present when Calvin E. Brooks signed the will and they, together with Cain, signed as witnesses. Cain gave the original and a copy to the testator and filed a second copy in an office file.

Brooks asked Cain if he should record the new will in the probate office but Cain suggested that he take it to the bank, which was located between the law office and Brooks' Furniture Store, and put it in his safety deposit box.

Sometime later, Cain moved out of the building with Mr. Kerr and formed a partnership with another attorney. He left the Brooks file in Mr. Kerr's office since Brooks had been Mr. Kerr's client over the years. After Mr. Kerr's death, his files and papers were moved and a search of all remaining papers after the death of Calvin E. Brooks failed to produce the copy of the Brooks will which Cain prepared.

There was testimony that appellant opened the safety deposit box at the bank after the death of her husband.

Cain also testified that he had a contract with the Brooks children to represent them in contesting the will of Calvin E. Brooks and that the children were to pay him $350 in cash, and in addition thereto, a sum equivalent to ten per cent of all sums recovered or of the value of the property recovered if they were successful in the will contest. He further testified that he has never asserted, nor was he presently asserting, any claim against the estate of Calvin E. Brooks, deceased.

Appellant contends that Cain was disqualified to testify concerning personal transactions with the testator in this will contest case where it was shown that Cain was an attorney for the contestant and that he had a pecuniary interest in the outcome of the litigation; and that Cain was further disqualified where he represented, as attorney, heirs of the testator who will take from the testator's personal estate only in the event the contestant is successful in the will contest case.

We have not had a case in this jurisdiction with facts identical to those presented in the instant case. Our cases, however, contain principles which we think are contrary to appellant's contention. In Hanson v. First National Bank, 217 Ala. 426, 116 So. 127, 131, this court said:

"* * * In will cases, the attorney of the testator is not precluded from giving evidence of communications relating to the execution or subject-matter of the will. * * *"

This was approved in Stappas v. Stappas, ante, p. 138, 122 So.2d 393.

In Alexander v. Alexander, 214 Ala. 291, 107 So. 835, 836, it was said:

"W. A. Alexander was permitted to testify as to certain statements made by the deceased testator, and it is urged that this testimony was inadmissible as in violation of section 7721 of the Code of 1923. (Tit. 7, § 433, Code 1940.)

"The estate of the decedent will not be increased or diminished as a result of this suit, but only the matter of distribution thereof is involved. The estate is not interested in the result, and this testimony did not contravene the foregoing section of the Code, as disclosed by the following authorities: Dent v. Foy, 98 So. 390, 210 Ala. 475; Hendricks v. Kelly, 64 Ala. 388; Darrow v. Darrow, 78 So. 383, 201 Ala. 477."

To the same effect, see Slagle v. Halsey, 245 Ala. 198, 15 So.2d 740, and Snider v. Burks, 84 Ala. 53, 4 So. 225.

Applying the principle of these cases, it can be seen that the estate of Calvin E. Brooks would remain the same with or without the will. The only difference the will would make would be the method of distribution, that is, the parties to whom the estate would go. The pecuniary interest of Cain is the interest of the contestant, and his fee would come from the contestant and not the estate of Calvin E. Brooks. The estate of Calvin E. Brooks would neither be increased nor diminished as a result of this suit. We hold, therefore, that the testimony of Cain was admissible under Tit. 7, § 433, Code 1940. This disposes of assignments of error 24 through 31.

Title 61, §§ 26 and 27, read:

"§ 26. Except in the cases provided in the preceding article, a will in writing can only be revoked by burning, tearing, cancelling, or obliterating the same, with the intention of revoking it, by the testator himself, or by some person in his presence, and by his direction, or by some other will in writing, or some other writing subscribed by the testator, and attested as prescribed in the first section of this article; and when any will is burned, torn, cancelled, or obliterated by any person other than the testator, his direction and consent thereto, and the fact of such burning, cancelling, tearing or obliteration, must be proved by at least two witnesses."

"§ 27. The making of any subsequent will or writing, and the cancellation, destruction, or revocation thereof do not revive any will previously executed, unless it appear, by the terms of such revocation, that it was the intention of the testator to revive and give effect to the first will; or unless, after such cancellation or destruction, he duly republish the previous will."

In Bruce v. Sierra, 175 Ala. 517, 57 So. 709, this court held that under § 6174, Code 1907, the precursor of Tit. 61, § 26, a subsequent will legally executed revokes a prior will without proof of the contents of the will. This has been modified so as not to apply where the will expressly negatives an intention to revoke the prior will. Pugh v. Perryman, 257 Ala. 187, 58 So.2d 117; Wheat v. Wheat, 236 Ala. 52, 181 So. 243. See 59 A.L.R.2d 32[b].

The case of Bruce v. Sierra, supra, apparently adopts a rule different than other jurisdictions, and it states that "the revoking must be executed with all due formality, and the compliance with every legal requirement must appear affirmatively as follows: (1) The will must be in writing; (2) it must be signed by the testator, or some one for him; (3) it must be attested by at least two witnesses; (4) the witnesses must subscribe their names in the presence of the testator."

And we have held that a lost will may be established by the testimony of a single witness who read it, or heard it read, and remembered. its contents, and proof of the substance of a lost instrument as a will is sufficient, and the exact words need not be shown. Lovell v. Lovell, 270 Ala. 720, 121 So.2d 901; Allen v. Scruggs, 190 Ala. 654, 67 So. 301.

Here, the execution of a subsequent and lost will was proved by competent evidence, and each of the four requirements of the Bruce case were met. A jury question was presented and the jury found in favor of the contestant.

The jury was specifically charged that if a later will cannot be found, the presumption is that the testator destroyed it with the intention of revoking it. Since this presumption is not conclusive, a jury question was also presented as to what did happen to the original later will. See Lovell v. Lovell, 270 Ala. 720, 121 So.2d 901.

Appellant argues thirteen assignments of error together under the general prin-

ciple that a witness cannot be impeached by showing contradictory statements by him as to immaterial matters.

Assignments 51 and 67, two of the thirteen, read:

"51. For that the Court erred in allowing Alma Everett, the Appellee, over the objection and exception of the Appellant, to impeach the Appellant's witness, Roy D. McCord, on an immaterial point. (Tr. page 245–251)."

"67. For that the Court erred in failing to allow the Appellant, over the exception of the Appellant, to testify as to a telephone conversation she had with the Appellee shortly after the death of the decedent in which the Appellee told the Appellant that she was having the deceased dug up."

■ Number 51 is without merit because there is no objection, exception or ruling thereon on the listed pages of the transcript except as to a question which was not answered by the witness. Dorroh v. Jefferson County, 264 Ala. 335, 87 So.2d 619.

■ Number 67 shows on its face that it has no relation to impeachment. The rule is that where unrelated assignments of error are argued together and one of them is without merit, the others in the group will not be considered. Shelby County v. Baker, 269 Ala. 111, 110 So.2d 896; Whitt v. Forbes, 258 Ala. 580, 64 So. 2d 77.

Appellant assigns as error six portions of the court's oral charge. We have considered the excerpts to which exception was taken along with the entire charge, including the supplemental charge, and conclude that reversible error does not appear in these assignments of error.

Next, thirty-seven assignments of error are argued together under the proposition that:

"In the contest of a will wherein undue influence is the issue on which the trial is had, evidence which is prejudicial to the proponent and irrelevant, immaterial and remote to the issue of undue influence and which sheds no light on the issue of undue influence is not admissible over proper objection."

■ All these assignments of error are not related, e. g., 37 and 70. Some are without merit because they do not point out where the alleged error appears in the transcript. Sharpe v. Hughes, 202 Ala. 509, 80 So. 797.

■ Others are without merit because they charge error where the witness never answered the question. Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So.2d 308.

■ Others show no error because the answers were made prior to objection and there was no motion to exclude. Clark v. Hudson, 265 Ala. 630, 93 So.2d 138.

■ Still others are without merit because they show no ruling by the court below. Sloss-Sheffield Steel & Iron Co. v. O'Neal, 169 Ala. 83, 52 So. 953.

The same rule heretofore stated applies here, that is, when unrelated assignments of error are argued together and one is without merit, the others will not be considered. Thompson v. State, 267 Ala. 22, 99 So.2d 198, and cases there cited.

■ The evidence was sufficient to require submission to the jury of the issues of undue influence and revocation of a former will.

Since there was no motion for a new trial, the question of the weight of the evidence is not before us for review. Harris v. Martin, ante, p. 52, 122 So.2d 116; Aldridge v. Seaborn, 253 Ala. 603, 46 So. 2d 424.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.