141 So.2d 200

**Harvey MIZE**

v.

**Fannie MIZE et al.**

5 Div. 748.

Supreme Court of Alabama.

May 10, 1962.

Hooton & Hooton, Roanoke, for appellant.

Joe T. Burns, Wedowee, for appellees.

## GOODWYN, Justice.

The respondent below brings this appeal from a final decree of the circuit court of Randolph County, in equity, setting aside a deed to him because of the grantor's incompetency and respondent's undue influence on the grantor.

■ Respondent also seeks to appeal from the .decree overruling his application for rehearing. But that decree is not appealable for the reason that it did not modify the final decree. Equity Rule 62, Code 1940, Tit. 7, Appendix. Nor is such a decree subject to review on assignments of error on appeal from the final decree. Long v. O'Mary, 270 Ala. 99, 102, 116 So.2d 563; Whitman v. Whitman, 253 Ala. 643, 645, 46 So.2d 422.

■ Appellees insist that the assignments of error should be given consideration under the rule of review applicable when unrelated assignments of error are argued in bulk. We see no escape from so treating them. It has been held that "where several assignments of error are grouped and argued together in brief, and one is found to be without merit, the court will not consider the others." Thompson v. State, 267 Ala. 22, 99 So.2d 198; Stewart v. Weaver, 264 Ala. 286, 87 So.2d 548; First National Bank of Birmingham v. Lowery, 263 Ala. 36, 41, 81 So.2d 284; Gulf M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645; Moseley v. Alabama Power Co., 246 Ala. 416, 21 So.2d 305; Sovereign Camp W. O. W. v. Davis, 242 Ala. 235, 5 So.2d 480; Morgan-Hill Paving Co. v. Thomas, 223 Ala. 88, 134 So. 480. The rule permitting several assignments of error raising kindred questions to be presented under the same argument (Moseley v. Alabama Power Co., supra) is not applicable to this case.

■ One of the assignments of error goes to the sufficiency of the evidence to support the findings of incompetency and undue influence. Upon consideration of appellant's brief we gather that these are the real issues relied on for reversal.

We have examined the evidence and find that there is ample support for the trial court's conclusion on the issue of the grantor's incompetency. Since the evidence was heard orally by the trial judge, his conclusions therefrom have the effect of a jury's verdict, and his findings should not be disturbed unless plainly erroneous or manifestly wrong. Maxwell v. City of Birmingham, 271 Ala. 570, 574, 126 So.2d 209, 211; Board of Zoning Adjustment for City of Lanett v. Boykin, 265 Ala. 504, 508, 92 So.2d 906. We cannot say that the trial court's finding on the issue of incompetency was plainly erroneous or manifestly wrong.

We pretermit an expression of opinion as to the sufficiency of the evidence on the issue of undue influence, as being unnecessary to a decision.

On the question of incompetency, appellant takes the position that there is no

evidence showing the grantor's incompetency at the exact time when the deed was executed. This question was dealt with and disposed of contrary to appellant's insistence in Foster v. Shepherd, 269 Ala. 94, 96, 110 So.2d 894, 896. What was there said is also appropriate here, viz.:

"Although there was no direct evidence offered by the contestants as to Mr. Posey's mental incapacity at the exact time the contested will was executed, it is our view that the evidence presented a typical jury case on that disputed factual issue. In this connection we deem it sufficient to observe that several of the contestants' witnesses (none of whom was challenged as to his qualifications) testified that, in their opinion, Mr. Posey was of unsound mind. Applicable here is the following from Tucker v. Tucker, 248 Ala. 602, 610, 28 So.2d 637, 644:

" 'Evidence to show insanity is not confined to evidence of the mental condition of testator at the instant of the execution of the will, though whatever facts are adduced must tend to show the mental state at that moment. By outward acts we read the thoughts, the motives and the emotions, and as one's acts conform to the practices of people of sound mind or contrast therewith we form our judgment of sanity or insanity. Evidence is competent to prove conduct and language at various times and places indicating an unhealthy mental condition, and the more extensive the view the safer is the determination reached.

" 'This Court has held therefore that the issue of insanity gives much latitude to the parties to introduce evidence of testator's acts, declarations and conduct prior and subsequent to the execution of the will. Anderson v. State, 209 Ala. 36, 95 So. 171; Birchfield v. State, 217 Ala. 225, 115 So. 297; Deloney v. State, 225 Ala. 65, 142 So. 432; Cawley v. State, 133 Ala. 128, 32

So. 227; McLean v. State, 16 Ala. 672. See, also, Batson v. Batson, 217 Ala. 450, 117 So. 10; Johnston v. Johnston, 174 Ala. 220, 57 So. 450. * * *' "

It follows, from what has been said, that the decree is due to be affirmed.

Affirmed.

SIMPSON, MERRILL and COLEMAN, JJ., concur.