27 So.2d 231

## BIRMINGHAM ELECTRIC CO. v. FREEMAN.

### 6 Div. 296.

Court of Appeals of Alabama.

Aug. 1, 1946.

480

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellant.

G. R. Harsh, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

Appellee brought suit against appellant to recover damages alleged to have been sustained by him as the proximate result of a collision between an automobile driven by him, and a street bus being driven by a servant, agent or employee of Birmingham Electric Company, which occurred at the intersection of Avenue C and 29th Street, South, in the City of Birmingham, Alabama.

As amended, there were two counts to the complaint. The first count charged simple negligence, and the second count charged willful and intentional, or wanton negligence.

Upon the trial, the plaintiff introduced his evidence, and the defendant introduced its evidence, and the case went to the jury,

under the oral charge of the court, and on the evidence, under both counts of the complaint. The defendant requested the general affirmative charge in writing, which was refused by the court. Said charge was as follows:

"3. If you believe the evidence in this case, you cannot find for the plaintiff under count two of the complaint."

The jury returned a verdict in favor of the plaintiff for the sum of five hundred dollars. Within the time allowed by law, the defendant filed its motion for a new trial, assigning the refusal of the court to give said charge 3, as one of the grounds. The trial court overruled and denied the motion, and the case is here upon appeal from the judgment awarding the plaintiff $500 damages, and from the judgment overruling the motion for a new trial.

There are 21 assignments of error. The appellant only insists upon assignments of error Nos. 3, 5 and 8, and bases its insistence solely upon the refusal of the court to give the general affirmative charge "3" above quoted. Although said charge does not specify count 2, of the amended complaint, we shall deal with the question upon the theory that appellant had reference to the complaint as amended in said assignment of error.

The question, therefore, before this court is: Should the judgment appealed from be reversed and the cause remanded because the trial court refused to give the general affirmative charge as to count 2 of plaintiff's amended complaint?

In disposing of this question, it must be conceded that the scintilla of evidence rule is of force and effect in Alabama. Aetna Explosives Co. v. Schaeffer, 209 Ala. 77, 95 So. 351; Penticost v. Massey, 202 Ala. 681, 81 So. 637. Therefore, the general affirmative charge should not be given against plaintiff, where there is the slightest evidence tending to prove a right of recovery by plaintiff. Chevrolet Motor Co. v. Commercial Credit Co., 214 Ala. 433, 108 So. 248. Furthermore, in determining whether the affirmative charge should have been given for the defendant, we must look to the strongest tendencies of the evidence in behalf of the plaintiff. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13, Duke v. Gaines, 224 Ala. 519, 140 So. 600; Jack Cole, Inc. v. Walker, 240 Ala. 683, 200 So. 768.

The evidence offered for the plaintiff tended to show that as he drove eastward along Avenue C, South, in the City of Birmingham in a Lincoln-Zephyr automobile, and as he approached the intersection of said Avenue and 29th Street, driving at a rate of speed estimated to be between twenty-five and thirty miles an hour, a motor bus then being driven by defendant's agent, servant or employee, suddenly and without warning or signal of any kind, cut across said intersection immediately in front of plaintiff's automobile so as to make a collision between the two inevitable; that plaintiff's automobile collided with the defendant's said bus in said intersection, and that both the plaintiff and a lady guest received physical injuries as the result of the impact between the automobile and the bus, and that plaintiff's automobile was badly injured by said impact; that when plaintiff saw that said bus was going to attempt to cross said intersection in front of plaintiff's automobile, that plaintiff applied his brakes and locked the wheels of his automobile causing the automobile to skid, or slide forward with the wheels locked for a distance of about thirty-eight feet before it struck said bus. Two diagrams of the route traveled by the bus at and in the intersection were introduced in evidence. These diagrams show that when the bus left the northeast corner of the intersection it traveled directly toward the southwest corner. One of them shows that the bus did not reach the center of the intersection before it turned directly south to enter 29th Street at the south side of the intersection. There was also other evidence offered by plaintiff tending to show that the bus driver cut diagonally across the intersection, without any warning or signal, directly in front of plaintiff's oncoming automobile.

When the bus driver stopped at, or near, the northeast corner of the intersection, he saw, according to his testimony, the plaintiff's automobile just after it crossed 28th Street, a block away, and that it was

then running at a high rate of speed, viz., from 50 to 60 miles per hour, coming toward the intersection where the bus had stopped; that he stopped at the intersection not more than one half minute and after passengers had boarded the bus he looked backward down Avenue C to see if there was any traffic coming from that direction and seeing none he stuck out his left hand to indicate that he was turning toward the exit of 29th Street from the intersection and that he then drove to and beyond the center of the intersection and then turned southward toward 29th Street and that he did these things in a careful way, and that the collision was due to no negligence of his. There was other evidence, however, that tended to show that when the bus entered the intersection the bus driver was collecting fare and making change for the passengers who had just entered the bus and that his attention was on this feature of his work and not on any travel of others to, or in, the intersection, to which he was recklessly indifferent and inattentive.

In deciding whether or not an affirmative charge should be given for a defendant, this court must look to the strongest tendency of evidence for the plaintiff. Montgomery City Lines, Inc. v. Jones, 246 Ala. 291, 20 So.2d 599. And when we do this we are of the opinion that under all of the evidence and its strongest tendencies for the plaintiff a jury question was presented under the wanton count of plaintiff's amended complaint.

After a full and careful consideration of all the evidence offered at the trial, we are of the opinion that there was evidence in the case which, if believed by the jury, shows that the personal injuries received by plaintiff, and the injury to his automobile, was the proximate result of wanton or willful negligence on the part of defendant's agent, or servant, in the operation of said motor bus. The damages proved by plaintiff fully justified the sum awarded by the jury.

Finding no reversible error, the judgment appealed from will stand affirmed.

Affirmed.