241 So.2d 332

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Corporation,**

v.

Lannie KEY.

6 Div. 84.

Court of Civil Appeals of Alabama.

Nov. 18, 1970.

Tweedy, Jackson & Beech, Jasper, for appellant.

Bill Fite, Hamilton, for appellee.

**304**

BRADLEY, Judge.

The appeal in this case resulted from a judgment being rendered against appellant and for appellee on a policy of insurance covering an automobile belonging to appellee.

Complaint was filed in the Circuit Court by appellee against appellant seeking to recover for the total loss of an automobile, said loss allegedly covered by a policy of collision insurance issued by appellant.

A demurrer was filed to the one-count complaint, but was not ruled on by the court prior to trial, nor later. No objection was made to the failure of the court to rule on said demurrer.

Trial was had before the court and jury, with a verdict being returned on February 11, 1970 in favor of appellee for $930.00. On the same date judgment was entered by the court on the jury verdict.

Thereafter, on March 17, 1970, appellant filed a motion for new trial. The motion was continued by order of the court until March 30, 1970. Then on August 5, 1970, the court overruled the motion for new trial.

On April 20, 1970 the appellant took an appeal from the judgment of the court entered on February 11, 1970, and on the

same day filed a supersedeas bond in the case.

■ There were seven assignments of error raised on this appeal. However, assignment of error six was not argued in brief and is considered by this court to have been waived. Supreme Court Rule 9(d).

Assignments of error one, two, four and five relate to the error committed by the trial court in rendering judgment for the appellee and against the appellant due to the insufficiency of the evidence to support a judgment.

■ As we see it, these four assignments of error raise the question of the weight and sufficiency of the evidence to support the judgment entered by the trial court. We do not believe that we can decide this question.

It is settled in Alabama that in the absence of a motion for a new trial the question of the weight or sufficiency of the evidence is not before this court for review where there has been a jury trial in the court below. Foster v. Shepherd, 269 Ala. 94, 110 So.2d 894; Water Works and Sewer Board of Fairhope v. Brown, 268 Ala. 96, 105 So.2d 71; and Aldridge v. Seaborn, 253 Ala. 603, 46 So.2d 424.

While the record reveals that appellant did make a motion for new trial, it was made too late, i. e., it was made more than thirty days after the judgment was rendered by the trial court. Title 7, Section 276 and Title 13, Section 119, Code of Alabama 1940, as Recompiled 1958. The judgment was entered on February 11, 1970, and the motion for new trial was not filed with the court until March 17, 1970.

Furthermore, it has been said that where it affirmatively appears, as it does from the record in the case at bar, that a motion for a new trial was not filed within thirty days from the rendition of judgment, the trial court's order overruling said motion is null and void. Harrison v. State, 40 Ala.App. 377, 113 So.2d 694.

Also, the record shows that the motion for new trial was overruled by the trial court on August 5, 1970, yet the supersedeas bond was filed on April 20, 1970.

■ Upon an appeal being taken to the proper appellate court from the judgment of the trial court and the filing of a supersedeas bond to stay the effectiveness of said judgment pending appeal, the trial court, upon the filing of the supersedeas bond, loses jurisdiction over the motion for new trial and an order thereafter made overruling said motion is null and void. Johnsey-Reed Bros. Coal Co. v. Sanders, 275 Ala. 339, 154 So.2d 923.

However, the appellant in its assignments of error did not include the order overruling the motion for new trial as one of the errors committed by the trial court.

This court can consider as error only those rulings of the trial court specifically assigned as error. Supreme Court Rule 1.

The ruling on the motion for a new trial was not assigned as one of the errors committed by the trial court; and, therefore, the motion for a new trial not being assigned as error, the weight and sufficiency of the evidence to support the judgment of the trial court is not before us for review.

However, if this court could review the weight and sufficiency of the evidence upon which the judgment of the trial court was based, we would be required to affirm the verdict and judgment below because after a careful reading of the transcript, we could not say that the judgment of the trial court was plainly and palpably wrong. This finding would have to be made before we could reverse said judgment on the ground that the weight and sufficiency of the evidence would not support it. Allred v. Dobbs, 280 Ala. 159, 190 So.2d 712; and Bagley v. Green, 277 Ala. 118, 167 So.2d 545.

In its assignment of error three, appellant says that the trial court erred in sustaining an objection to the following question:

"Tell the Court and the Jury whether or not, in your opinion, that had you done that work on it that way, that you would have replaced or repaired the damaged parts on that car with like kind and quality?"

This question was asked of a repairman who was employed at a garage where the damaged vehicle in question was taken after it was wrecked, and who had examined the car and had given an estimate of the cost to have it repaired.

After the objection to this question was sustained by the trial court, the appellant failed to make any showing as to what the answer would have been or, more importantly, how it would have been injured or prejudiced by the court's refusal to permit the witness to answer the question asked of him.

The Supreme Court of Alabama has said many times that injury must be affirmatively shown with no presumptions being indulged. And in Decker v. Hays, 282 Ala. 93, 209 So.2d 378, it said:

"Assignments of error in rulings on evidence presents nothing for review where the questions to which they relate show no injury from such rulings."

See also Flowers v. Graves, 220 Ala. 445, 125 So. 659; Morgan Hill Paving Co. v. Pratt City Sav. Bank, 220 Ala. 683, 127 So. 500; and Berry v. Dannelly, 226 Ala. 151, 145 So. 663.

■ Assuming, however, that there was error in the court's refusal to allow the answer to be made, it would not be reversible error, as there could be no injury, because the witness had already answered substantially the same questions when he testified that he would have guaranteed his work, to put the car back in as good shape as it was in, and to repair the car for the price of $1,371.39, using new parts. Berry v. Dannelly, supra.

Appellant in its assignment of error seven says the trial court erred in refusing to give charge number 4, which was an affirmative charge with hypothesis, and it reads as follows:

"If, after considering all the evidence in this case, you are reasonably satisfied therefrom that the automobile made the basis of this suit could have been repaired with parts of like kind and quality for less than $2500.00, the Court charges the jury that you must return a verdict for the defendant."

The argument made by appellant in support of this assignment is that the insurance policy gave it an option to elect to pay the amount of the loss in money or to pay for the repairs made to the damaged vehicle or to pay for replacing it or any part thereof. In support of this argument, the appellant says that the evidence shows that the repair estimate made by the mechanic who examined the car totaled $1,371.39, and that this amount of money covered the replacement parts and the labor to put the vehicle back in the condition it was in prior to the accident.

We think it would be helpful to an understanding of the issue presented here to relate some of the evidence received at the trial on this question.

In April 1969 appellee purchased a policy of collision insurance from appellant covering a 1967 Buick automobile. Later appellee purchased a 1969 Chevrolet and had the collision insurance changed from the Buick to the Chevrolet.

When the Chevrolet was purchased, appellee was given $1,014.05 for the Buick as a trade-in allowance; the remainder of the purchase price was paid by executing a note and chattel mortgage in favor of Cannon Chevrolet Company. These papers were later assigned to Associates Discount Corporation of Alabama.

The bill of sale made out to appellee showed the total purchase price of the Chevrolet to be $3,364.05. The total amount of the note was $2,884.32, payable in 36 months at $80.00 a month.

Then, on April 19, 1969, some nine days after appellee had purchased the Chevrolet, he wrecked it. At the time of the wreck the Chevrolet had been driven approximately 1800 to 1900 miles.

A witness for appellee, an employee of Associates Discount Corporation, testified that, in his opinion, the Chevrolet was worth $2,925 on the day it was purchased; yet, on further examination, he testified that the Chevrolet could have been worth $3,364— the sales price of the car—on the date of, and just prior to, the wreck.

Appellee testified that he had the Chevrolet taken to a garage where he directed the mechanic to repair it; and he further testified that he returned to the garage nine or ten times to see if the car had been repaired.

The car was never repaired because Associates Discount Corporation repossessed it and sold it unrepaired for $950.00. This $950 was used by Associates Discount Corporation as a partial payment of the note it held on the Chevrolet.

While the car was in the garage for repairs, an estimate of cost of repairs was made and the amount of the estimate totaled $1,371.39. The testimony of the mechanic who examined the wrecked Chevrolet and gave the estimate was to the effect that the repairs set out in the estimate would put the car back in as good shape as it was in prior to the accident.

Appellant, as a final settlement with Associates Discount Corporation, paid to said corporation $1,370.05, which was the approximate cost of repairs to the Chevrolet. This payment brought the total amount received by Associates to $2,320.05. Associates says that appellee still owes them $529.32 in financing charges.

At the trial appellant introduced the policy of insurance covering the Chevrolet and alleged that under the limitations of

liability set out therein, it had limited its liability for loss to an amount not to exceed the actual cash value of the property damaged, or if the loss be a part thereof, then the actual cash value of the part, or what it would then cost to repair or replace such property with other of like kind and quality, less depreciation and deductible amount applicable.

Appellant, in support of his theory that the policy provision referred to above gives it an option to pay for the estimated cost of repairs in money or to pay for the repairs actually made to the vehicle, cites us to the case of State Farm Mutual Auto. Ins. Co. v. Dodd, 276 Ala. 410, 162 So.2d 621, wherein the Supreme Court said:

"The policy involved contained the provision that 'the company may pay for the loss in money or may repair or replace the automobile.' As we read this language, it gives the company an option * * *."

We are of the opinion that the language of the policy reviewed in the cited case is not the same language as used in the policy in question.

The policy in the cited case did give the insurance company an option to pay for the cost of repairs in money or to repair the damaged vehicle.

In the case at bar, the policy language merely sets the limits of the insurance company's liability at what it would cost to repair or replace the damaged vehicle or its actual cash value at the time of the loss.

Therefore, we do not consider the *Dodd case,* supra, as apt authority for the proposition argued by appellant.

Moreover, in following the well settled rule of construing insurance policies most favorably for the insured, we are constrained to say that the policy provision in question does no more than prescribe the limit of liability of the insurer when the loss is deemed to be the actual cash value of the vehicle at the time of the loss or what it would cost to repair or replace said vehicle with other of like kind and quality.

The appellee apparently had decided that the car could not be repaired—appellant, it could be said, agreed, for it did not repair or attempt to repair the Chevrolet—because he contended in his complaint that the vehicle was "wholly destroyed or damaged" as a result of the accident. The evidence was in dispute as to the actual cash value of the vehicle before the accident. This, of course, presented a jury question as to what was owed appellee by appellant.

The evidence was undisputed that the vehicle, nine days before the accident, cost appellee more than $3,300.00, and after the accident sold for only $950.

We think this evidence, along with other evidence in the case, presented a question to the jury of whether or not the vehicle was a total loss; thereby authorizing the jury to determine the actual cash value of the automobile belonging to the insured so that they might ascertain his damages, if any.

■ The evidence submitted to the trial jury in this case raised questions for it to answer; hence, assignment of error seven is without merit because the scintilla evidence rule is in effect in Alabama, and where there is the slightest evidence tending to prove plaintiff's case, the general affirmative charge should not be given against him. Dean v. Mayes, 274 Ala. 88, 145 So.2d 439; Birmingham Electric Co. v. Freeman, 32 Ala.App. 479, 27 So.2d 231; Alabama Great Southern R. Co. v. Bishop, 265 Ala. 118, 89 So.2d 738, 64 A.L.R.2d 1190.

There being no reversible error raised by assignments of error argued, the judgment of the trial court is affirmed.

Affirmed.