NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-1264

WESLEY DUHON

VERSUS

BILLY HARISTY, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2005-0292
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Billy Howard Ezell,
Judges.

AFFIRMED AS AMENDED.

Stephen Santillo
Attorney at Law
120 Caillouet Place
Lafayette, LA 70501
(337) 233-3450
Counsel for Plaintiff/Appellant:
Wesley Duhon

**John William Penny, Jr.**
**Attorney at Law**
**P. O. Box 2187**
**Lafayette, LA 70502**
**(337) 231-1955**
**Counsel for Defendants/Appellees:**
**Allstate Insurance Company**
**Billy J. Haristy**

**Joseph Hart Garbarino**
**Attorney at Law**
**400 East Kaliste Saloom, #1400**
**Lafayette, LA 70508**
**(337) 291-1743**
**Counsel for Defendants/Appellees:**
**Allstate Insurance Company**
**Billy J. Haristy**

**EZELL, JUDGE**.

Wesley Duhon sustained injuries in a car accident which occurred on February 21, 2004, on Louisiana Highway 90 near Broussard, Louisiana. He was eighty-three years old at the time of the accident. He filed suit against Billy Haristy as the driver of the truck that rear-ended his car, in addition to Mr. Haristy's liability insurer, Allstate Insurance Company. After a bench trial, judgment was rendered in favor of Mr. Duhon awarding him medical expenses in the amount of $4,489.12 and general damages in the amount of $5,000.00. Mr. Duhon appeals the award of general damages.

## FACTS

At approximately 10:25 a.m., Mr. Duhon was heading east on Louisiana Highway 90 near Broussard, when he noticed what he thought was a piece of angle iron in his lane of travel. After the accident, it was discovered that the item was a wooden lawn chair. Mr. Duhon was driving a Ford Escort. Mr. Duhon testified that he pumped his brakes several times to let the drivers behind him know that he was stopping. He then stopped before hitting the chair.

At the same time, Mr. Haristy was traveling in the same lane in a Ford F-350 one-ton dually truck. He was pulling a thirty-foot, goose-neck trailer. There was another truck between his truck and Mr. Duhon's car. Mr. Haristy testified that he could not see Mr. Duhon's car because his view was blocked by the truck in front of him. He explained that the truck in front on him swerved to the right-hand side of the road and around Mr. Duhon. As soon as Mr. Haristy noticed Mr. Duhon stopped in the road, he applied the brakes. He was unable to stop in time to avoid hitting Mr. Duhon. Mr. Haristy testified that the bumper of his truck hit Mr. Duhon's trunk and pushed it in a couple of inches.

1

Mr. Duhon testified that there was no pain initially but he started having neck and low back problems the next day. He thought it would get better, but the pain continued to worsen. Six days after the accident, he sought treatment at Our Lady of Lourdes Hospital emergency room. He was diagnosed with cervical and lumbar strain. Skelaxin and Ibuprofen were prescribed.

Mr. Duhon hired an attorney to aid him in the matter who referred him to Dr. Robert Franklin, a physical medicine and rehabilitation specialist. Dr. Franklin initially saw Mr. Duhon on March 8, 2004. Dr. Franklin testified that Mr. Duhon's neck was very stiff and diagnosed him with cervical, thoracic, and lumbar strain. At this time Dr. Franklin ordered physical therapy and prescribed Celebrex. Dr. Franklin noted that Mr. Duhon requested that he be treated conservatively. Dr. Franklin explained that older people do not want to be handled too much so they usually request that they not be treated very aggressively.

Dr. Franklin saw Mr. Duhon several more times, with the last visit on July 27, 2004, at which time Mr. Duhon was reaching maximum medical improvement. Dr. Franklin noted that Mr. Duhon had improved to some degree but observed that he continued to have stiffness in his neck and low back. Dr. Franklin noted that Mr. Duhon could continue with over-the-counter medication and that there was nothing further that could be offered to Mr. Duhon without using more invasive measures.

Dr. Franklin testified that while Mr. Duhon had underlying degenerative disc disease due to his age, the symptoms he was experiencing were caused or aggravated by the accident. He found Mr. Duhon to be cooperative, credible, and polite.

At trial, Mr. Duhon testified that he had no serious injuries in the past and had no problems with his neck and back. He was pain-free at the time of the accident. Mr. Duhon testified that the pain did not improve very much while seeing the doctor.

2

He was also opposed to potential surgical treatment at his age. At the time of trial Mr. Duhon was experiencing good and bad days. He stated that his neck hurt constantly more than his back and that he was presently taking Aleve for the pain.

Mr. Duhon explained that he used to enjoy gardening. He planted a vegetable garden just about every year. However, since the accident he has had to give up the garden because when he tried to work in it, he just could not do it. Mr. Duhon also testified that he would go dancing at least once a week before the accident. Since the accident, he cannot last too long on the dance floor because his back hurts.

An appellate court should rarely disturb an award of general damages since the discretion vested in the trier of fact is great and even vast. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994). Additionally, an appellate court should reduce or increase the award only when the award is beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances. *Id.* Given the fact that Mr. Duhon was under treatment for his injuries for five months and he continues to suffer daily with pain that has inhibited the activities he once enjoyed, we find that the award of general damages is an abuse of discretion and it should be increased. Under *Reck v. Stevens*, 373 So.2d 498 (La.1979), and *Coco v. Winston Industries, Inc.*, 241 So.2d 332 (La.1976), we raise the award to the lowest reasonable amount, or $31,900.00.

For the foregoing reasons, we amend the judgment to increase general damages for the injuries to $31,900.00. This amount includes $2,200.00 a month for the time he was receiving treatment and $1,100.00 a month until trial of this matter. We affirm the judgment in all other respects. We assess costs of this appeal to Billy Haristy and Allstate Insurance Company.

3

**AFFIRMED AS AMENDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 1-16.3, Uniform Rules, Court of Appeal.